UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X:

THE CITY OF NEW YORK                            :
                                                              :
                          Plaintiff,                        :
                                                              :
               -against-                                  :          Case No. 1:25-cv-02850-MMG
                                                              :
PUFF BAR, *et al.*,                                  :
                                                              :
                          Defendants.                  :
                                                              X
-------------------------------------------------------- X

<u>**DEFENDANT MIDWEST GOODS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO THE CITY OF NEW YORK'S COMPLAINT (ECF NO. 1) AND JURY DEMAND**</u>

Defendant Midwest Goods, Inc. d/b/a Midwest Distribution Illinois ("Midwest"), by and
through undersigned counsel, for its answer to the allegations set forth in Plaintiff City of New
York's (the "City") Complaint (ECF No. 1), states as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.        Paragraph 1 contains no factual allegations for Midwest to either admit or deny. To
the extent that Paragraph 1 may be construed to contain such factual allegations, Midwest lacks
knowledge or information sufficient to form a belief as to these allegations and so denies.

2.        Paragraph 2 contains no factual allegations for Midwest to either admit or deny. To
the extent that paragraph 2 may be construed to contain such factual allegations, Midwest lacks
knowledge or information sufficient to form a belief as to these allegations and so denies.

3.        Paragraph 3 contains no factual allegations for Midwest to either admit or deny. To
the extent that paragraph 3 may be construed to contain such factual allegations, Midwest lacks
knowledge or information sufficient to form a belief as to these allegations and so denies.

4.        Midwest denies the allegations in paragraph 4.

5.        Midwest denies the allegations in paragraph 5.

6.     Midwest denies that its "commercial conduct in the State undercuts New York's efforts to regulate the e-cigarette industry." Midwest lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 6 and so denies.

7.     Midwest denies the allegations in paragraph 7.

8.     Midwest denies the allegations in paragraph 8.

9.     Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

10.     Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

11.     Paragraph 11 contains no factual allegations for Midwest to either admit or deny, and legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

12.     Midwest denies the allegations in paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

## PARTIES

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16 and so denies.

17.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and so denies.

18.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and so denies.

19.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and so denies.

20.     Midwest admits the allegations in paragraph 20.

21.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and so denies.

22.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and so denies.

23.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and so denies.

24.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and so denies.

25.     Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and so denies.

## FACTUAL ALLEGATIONS

26.    Midwest admits only that it has sold e-cigarettes to businesses located in New York City at some point during the time period of January 1, 2020, to present. The remaining allegations in paragraph 26 contain legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

27.    Midwest admits only that is has sold e-cigarettes to businesses located in New York City at some point during the time period of January 1, 2020, to present. Midwest denies the remaining allegations in paragraph 27.

28.    Midwest admits that some manufacturers of disposable ENDS products are based in China and that such manufacturers sometimes sell their products to distributors in the United States. Midwest denies the remaining allegations in paragraph 28.

29.    Midwest denies the allegations in paragraph 29.

30.    Midwest denies the allegations in paragraph 30.

31.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 31 and so denies.

32.    Paragraph 32 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 32 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 32 and so denies.

33.    Paragraph 33 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 33 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 33 and so denies.

34.    Paragraph 34 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 34 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 34 and so denies.

35.    Paragraph 35 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 35 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 35 and so denies.

36.    Midwest denies the allegations in paragraph 36.

37.    Midwest denies the allegations in paragraph 37.

38.    Midwest denies the allegations in paragraph 38.

39.    Midwest denies the allegations in paragraph 39.

40.    Midwest admits only that an "e-cigarette," "vape," "electronic nicotine delivery system," or "ENDS," uses a battery to heat a nicotine-containing solution (an "e-liquid," "vape juice," or "vape liquid") to create an aerosol inhaled by the user that, unlike a conventional cigarette's smoke, is not generated by combustion. Midwest denies the remaining allegations in paragraph 40.

41.    Midwest admits only that e-liquids typically (but not always) contain nicotine, propylene glycol, and glycerin, and can be formulated to impart tastes similar to tobacco or other flavors, including fruits, candy, and desserts. Midwest denies the remaining allegations in paragraph 41.

42.    Midwest admits only that there are three main categories of e-cigarette devices. Midwest admits that there are cartridge- or pod-based e-cigarettes that use a cartridge or pod pre-

filled with e-liquid that is inserted into a rechargeable battery unit. Midwest further admits that once the cartridge or pod is empty, the user replaces the cartridge or pod, and that replacement cartridges and pods can be packaged and sold separately or with the battery unit. Midwest further admits that there are "open-system" e-cigarettes that have an empty tank, changer, or pod that a user manually fills with e-liquid. Midwest further admits that "open-system" e-cigarettes are generally rechargeable, customizable, and intended for reuse, and that the e-liquid is sold separately. Midwest further admits that disposable e-cigarettes come pre-filled with e-liquid and a charged battery and are ready for use out of the packaging. Midwest further admits that disposable e-cigarettes may be rechargeable and are intended to be disposed of once the e-liquid is depleted. Midwest further admits that there are a variety of disposable e-cigarettes on the U.S. market, with the popularity of particular devices and brands varying over time. Midwest denies the remaining allegations in paragraph 42.

43.    Paragraph 43 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 43 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 43 and so denies.

44.    Midwest admits that the different types of e-cigarette devices vary in the amount of maintenance required, the method of filling with e-liquid, and the volume of e-liquid they can hold. Midwest further admits that an e-cigarette uses a battery to heat a nicotine-containing e-liquid to create an aerosol inhaled by the user that, unlike a conventional cigarette's smoke, is not generated by combustion.

45.     Midwest admits only that the majority of e-cigarettes contain nicotine. Midwest lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45 and so denies.

46.     Paragraph 46 contains no factual allegations for Midwest to either admit or deny. To the extent that paragraph 46 may be construed to contain such factual allegations, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 46 and so denies.

47.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 47 and so denies.

48.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 48 and so denies.

49.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 49 and so denies.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response may be deemed to be required, Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 50 and so denies.

51.     Midwest denies the allegations in paragraph 51.

52.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 52 and so denies

53.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 53 and so denies.

54.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 54 and so denies.

55.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 55 and so denies.

56.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 56 and so denies.

57.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 57 and so denies.

58.    Midwest denies the allegations in paragraph 58.

59.    Midwest admits that disposable e-cigarettes are a sub-category of e-cigarettes. Midwest denies the remaining allegations in paragraph 59.

60.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 60 and so denies.

61.    Midwest denies that its "e-cigarette offerings marketed and/or sold into New York are structured to create an economic incentive to channel users to higher nicotine products." Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and so denies.

62.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 61 and so denies.

63.    Midwest admits only that some e-cigarettes are advertised and priced based on the approximate number of "puffs" need to deplete the e-liquid. Midwest lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 63 and so denies.

64.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 64 and so denies.

65.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 65 and so denies.

66.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 66 and so denies.

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

68.     Midwest denies the allegations in paragraph 68.

69.     Midwest admits only that that the North Connect Pro Disposable Vape was advertised as having 5% nicotine concentration and allowing up to 40,000 puffs, with Bluetooth connectivity and 15 apps. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and so denies.

70.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 70 and so denies.

71.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 71 and so denies.

72.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 72 and so denies.

73.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 73 and so denies.

74.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 74 and so denies.

75.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 75 and so denies.

76.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 76 and so denies.

77.     Midwest denies the allegations in paragraph 77.

78.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 78 and so denies.

79.     Midwest denies the allegations in paragraph 79.

80.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 80 and so denies.

81.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 81 and so denies.

82.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 82 and so denies.

83.     Midwest denies that it has "contributed significantly to the high sales of e-cigarettes, particularly disposable e-cigarettes, in New York City." Midwest lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 83 and so denies.

84.     Midwest denies the allegations in paragraph 84.

85.     Midwest denies the allegations in paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

87.     Paragraph 87 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

88.     Paragraph 88 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

90.     Paragraph 90 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

91.     Paragraph 91 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

93.     Paragraph 93 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

98.     Paragraph 98 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

99.     Paragraph 99 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

101.    Paragraph 101 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

103.    Paragraph 103 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

104.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 104 and so denies.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

106.    Paragraph 106 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

107.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 107 and so denies.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

109.    Paragraph 109 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

110.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 110 and so denies.

111.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 111 and so denies.

112.    Paragraph 112 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

113.    Paragraph 113 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

120.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 120 and so denies.

121.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 121 and so denies.

122.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 122 and so denies.

123.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 123 and so denies. Midwest further states that there is no "Defendant Magellan" named in this matter.

124.    Paragraph 124 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

125.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 125 and so denies.

126.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 126 and so denies.

127.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 127 and so denies.

128.    Midwest admits only that it did not submit an ingredient disclosure to the State of New York. Midwest lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 128 and so denies.

129.    Midwest admits only that it did not submit an ingredient disclosure to the State of New York. Midwest lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 129 and so denies.

130.    Paragraph 130 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

131.    Paragraph 131 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

134.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 134 and so denies.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

136.    Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 and so denies.

137.    Midwest admits only that it has received warning letters from FDA for e-cigarettes it has sold in the past. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137, or the remaining allegations in paragraph 137 contain legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

138.    Midwest denies the allegations in paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

140.    Midwest denies that it individually or collectively controls which e-cigarettes "appear in New York City's e-cigarette shops, smoke shops, and at the doorstep of New York City

residences." Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 and so denies.

141.    Midwest admits only that most manufacturers of e-cigarettes are based in China. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 and so denies.

142.    Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and so denies.

143.    Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and so denies.

144.    Midwest admits only that China-based manufacturers generally sell their products to distributors in the United States. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and so denies.

145.    Midwest denies the allegations in paragraph 145.

146.    Midwest admits only that it sells open-system e-cigarette products manufactured by Geekvape. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and so denies.

147.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 147 and so denies.

148.    Midwest admits only that it entered into a Master Distribution Agreement with Pastel Cartel and American Vape Company. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 and so denies.

149.    Midwest denies the allegations in paragraph 149.

150.    Midwest denies the allegations in paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

152.    Paragraph 152 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

153.    Midwest denies the allegations in paragraph 153.

154.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 154 and so denies.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

### A.  The Puff Defendants

156.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 156 and so denies.

157.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 157 and so denies.

158.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 158 and so denies.

159.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 159 and so denies.

160.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 160 and so denies.

161.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 161 and so denies.

162.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 162 and so denies.

163.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 163 and so denies.

164.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 164 and so denies.

165.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 165 and so denies.

166.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 166 and so denies.

167.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 167 and so denies.

168.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 168 and so denies.

169.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 169 and so denies.

170.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 170 and so denies.

171.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 171 and so denies.

172.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 172 and so denies.

173.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 173 and so denies.

174.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 174 and so denies.

175.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 175 and so denies.

176.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 176 and so denies.

177.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 177 and so denies.

178.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 178 and so denies.

179.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 179 and so denies.

180.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 180 and so denies.

181.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 181 and so denies.

182.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 182 and so denies.

183.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 183 and so denies.

184.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 184 and so denies.

185.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 185 and so denies.

186.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 186 and so denies.

187.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 187 and so denies.

188.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 188 and so denies.

189.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 189 and so denies.

190.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 190 and so denies.

191.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 191 and so denies.

192.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 192 and so denies.

193.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 193 and so denies.

194.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 194 and so denies.

195.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 195 and so denies.

196.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 196 and so denies.

197.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 197 and so denies.

198.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 198 and so denies.

199.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 199 and so denies.

200.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 200 and so denies.

201.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 201 and so denies.

202.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 202 and so denies.

203.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 203 and so denies.

204.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 204 and so denies.

205.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 205 and so denies.

206.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 206 and so denies.

207.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 207 and so denies.

208.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 208 and so denies.

209.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 209 and so denies.

210.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 210 and so denies.

211.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 211 and so denies.

### B.  Midwest Goods

212.    Midwest admits only that it is a distributor of e-cigarettes, including disposable e-cigarettes. Midwest denies the remaining allegations in paragraph 212.

213.    Midwest admits only that at one point in time it sold e-cigarettes to e-cigarette distributors, wholesalers, and retailers in New York. Midwest denies the remaining allegations in paragraph 213.

214.    Midwest admits only that it has sold the products listed in paragraph 214. Midwest denies the remaining allegations in paragraph 214.

215.    Midwest admits only that it moved into its current facility in Bensenville, Illinois in 2019, that includes a purchasing and customer service center and contains over 60,000 different products. Midwest denies the remaining allegations in paragraph 215.

216.    Midwest admits only that it has operated a website, blog, YouTube Channel, and Instagram account. Midwest further admits that it previously had an online publication. Midwest denies the remaining allegations in paragraph 216.

217.    Midwest admits only that it is an c-cigarette distributor whose customer base increased between 2018 and 2024, and that it previously claimed it was the "#1 Distributor for Vape & Smoke" on its website. Midwest denies the remaining allegations in paragraph 217.

218.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 218 and so denies.

219.    Midwest denies the allegations in paragraph 219.

220.    Midwest admits only that it republished an article by journalist Jim McDonald from the website Vaping360.com titled "State AGs Pressure FDA to Reject Flavored Vape PMTAs."

221.    Midwest admits only that its website contained links for "Shipping Information," "Update Business License," "USPS Form," and "Tax Information," in order to provide business customers with information and for customers to provide information to Midwest so it could ensure their licensure and apply for the USPS Business-Purpose Exception. Midwest denies the remaining allegations in paragraph 221.

222.    Midwest admits only that its website included the disclaimer that "[t]he purchaser/retailer is responsible for ensuring that any products purchased are legal within their municipal, or state laws prior to sale of the products." Midwest denies the remaining allegations in paragraph 222.

223.    Midwest admits only that it requires its customers to be "valid retail businesses" and that it "reserves the right to cancel any orders that are found to be placed by non-qualified accounts" and that it requires customers to submit their business licenses for purposes of providing

to USPS as part of Midwest's applications for the USPS Business-Purpose Exception. Midwest denies the remaining allegations in paragraph 223.

224.    Midwest admits only that its website identified states for which it "collects and remits taxes," but does not identify states that prohibit the sale of products. Midwest denies the remaining allegations in paragraph 224.

225.    Midwest admits only that through its virtual magazine, ejuicemagazine.com, which is distributed only to distributors, and its blog, Midwest marketed products; republished news reports of developments that could affect the e-cigarette industry; and encouraged action by the e-cigarette industry to protect the industry. Midwest denies the remaining allegations in paragraph 225.

226.    Midwest admits only that it has a YouTube page on which it posts informational videos about various e-cigarette products. Midwest denies the remaining allegations in paragraph 227.

227.    Midwest admits only that it has focused on growing its company, just as any other business does. Midwest denies the remaining allegations in paragraph 228.

228.    Midwest admits only that it is one of many distributors of Geekvape open-system e-cigarettes. Midwest denies the remaining allegations in paragraph 228.

229.    Midwest admits only that it has entered into marketing agreements with other companies such that those companies purchase advertising space on Midwest's website and Midwest posts the content provided by those companies on Midwest's website. Midwest denies the remaining allegations in paragraph 229.

230.    Midwest admits only that they entered into an agreement to distribute Bugatti-branded e-cigarettes. Midwest denies the remaining allegations in paragraph 230.

231.    Midwest admits only that it sold Bugatti-branded e-cigarettes to wholesalers and distributors in New York. Midwest denies the remaining allegations in paragraph 231.

232.    Paragraph 232 contains legal conclusions to which no response is required, or allegations as to which Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response may be deemed to be required, Midwest denies.

233.    Midwest admits only that it sells e-cigarettes that are offered in a variety of flavors, including tobacco, menthol, fruit, candy, and other foods. Midwest denies the remaining allegations in paragraph 233.

234.    Midwest admits only that at one point in time it sold and shipped various brands of e-cigarettes to distributors and retailers in New York City. Midwest denies the remaining allegations in paragraph 234.

235.    Paragraph 235 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

236.    Paragraph 236 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

237.    Paragraph 237 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

238.    Paragraph 238 contains legal conclusions to which no response is required, or allegations as to which Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response may be deemed to be required, Midwest denies.

239.    Paragraph 239 contains legal conclusions to which no response is required, or allegations as to which Midwest lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response may be deemed to be required, Midwest denies.

240.    Midwest admits only that it utilized a rewards program for its distributor, wholesaler, and retailer customers.

241.    Midwest admits only that it purchased e-cigarettes from Myle Vapor, Pod Juice, Mi-One, Safa Goods, Demand Vape, and Price Point Distributors. Midwest denies the remaining allegations in paragraph 241.

242.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 242 and so denies.

243.    Paragraph 243 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

244.    Paragraph 244 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

245.    Paragraph 245 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

246.    Paragraph 246 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

247.    Paragraph 247 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

248.    Paragraph 248 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

249.     Paragraph 249 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

250.     Paragraph 250 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

### C. Pod Juice

251.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 251 and so denies.

252.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 252 and so denies.

253.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 253 and so denies.

254.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 254 and so denies.

255.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 255 and so denies.

256.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 256 and so denies.

257.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 257 and so denies.

258.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 258 and so denies.

259.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 259 and so denies.

260.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 260 and so denies.

261.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 261 and so denies.

262.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 262 and so denies.

263.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 263 and so denies.

264.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 264 and so denies.

265.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 265 and so denies.

266.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 266 and so denies.

267.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 267 and so denies.

268.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 268 and so denies.

269.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 269 and so denies.

270.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 270 and so denies.

271.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 271 and so denies.

272.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 272 and so denies.

273.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 273 and so denies.

274.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 274 and so denies.

275.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 275 and so denies.

276.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 276 and so denies.

277.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 277 and so denies.

278.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 278 and so denies.

279.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 279 and so denies.

280.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 280 and so denies.

281.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 281 and so denies.

### D.  Safa Goods

282.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 282 and so denies.

283.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 283 and so denies.

284.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 284 and so denies.

285.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 285 and so denies.

286.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 286 and so denies.

287.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 287 and so denies.

288.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 288 and so denies.

289.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 289 and so denies.

290.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 290 and so denies.

291.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 291 and so denies.

292.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 292 and so denies.

293.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 293 and so denies.

294.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 294 and so denies.

295.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 295 and so denies.

296.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 296 and so denies.

297.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 297 and so denies.

298.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 298 and so denies.

299.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 299 and so denies.

### E.  Mi-One

300.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 300 and so denies.

301.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 301 and so denies.

302.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 302 and so denies.

303.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 303 and so denies.

304.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 304 and so denies.

305.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 305 and so denies.

306.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 306 and so denies.

307.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 307 and so denies.

308.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 308 and so denies.

309.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 309 and so denies.

310.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 310 and so denies.

311.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 311 and so denies.

312.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 312 and so denies.

313.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 313 and so denies.

314.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 314 and so denies.

315.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 315 and so denies.

316.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 316 and so denies.

317.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 317 and so denies.

318.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 318 and so denies.

319.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 319 and so denies.

320.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 320 and so denies.

321.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 321 and so denies.

322.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 322 and so denies.

323.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 323 and so denies.

324.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 324 and so denies.

325.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 325 and so denies.

326.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 326 and so denies.

327.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 327 and so denies.

### F.  Myle

328.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 328 and so denies.

329.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 329 and so denies.

330.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 330 and so denies.

331.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 331 and so denies.

332.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 332 and so denies.

333.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 333 and so denies.

334.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 334 and so denies.

335.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 335 and so denies.

336.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 336 and so denies.

337.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 337 and so denies.

338.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 338 and so denies.

339.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 339 and so denies.

340.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 340 and so denies.

341.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 341 and so denies.

342.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 342 and so denies.

343.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 343 and so denies.

344.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 344 and so denies.

345.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 345 and so denies.

346.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 346 and so denies.

347.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 347 and so denies.

348.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 348 and so denies.

349.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 349 and so denies.

350.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 350 and so denies.

351.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 351 and so denies.

352.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 352 and so denies.

353.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 353 and so denies.

354.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 354 and so denies.

### G.    The Relationship Between Defendants

355.    Midwest admits only that it has purchased e-cigarette products from Mi-One, Safa Goods, and Pod Juice. Midwest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 355 and so denies.

356.    Midwest denies the allegations in paragraph 356.

357.    Midwest denies the allegations in paragraph 357.

358.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 358 and so denies.

359.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 359 and so denies.

360.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 360 and so denies.

361.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 361 and so denies.

362.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 362 and so denies.

363.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 363 and so denies.

364.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 364 and so denies.

365.    Midwest denies the allegations in paragraph 365.

366.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 366 and so denies.

367.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 367 and so denies.

368.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 368 and so denies.

369.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 369 and so denies.

370.    Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 370 and so denies.

371.     Midwest denies the allegations in paragraph 371.

372.     Paragraph 372 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

373.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 373 and so denies.

374.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 374 and so denies.

375.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 375 and so denies.

376.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 376 and so denies.

377.     Midwest denies the allegations in paragraph 377.

378.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 378 and so denies.

379.     Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 379 and so denies.

380.     Midwest denies the allegations in paragraph 380.

381.     Midwest denies the allegations in paragraph 381.

382.     Midwest denies the allegations in that last sentence of paragraph 382. Midwest lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 382 and so denies.

383.     Midwest denies the allegation sin paragraph 383.

## FIRST CAUSE OF ACTION

384.    Midwest incorporates by reference herein its responses to Paragraphs 1-383, above, as if fully set forth herein.

385.    Paragraph 385 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

386.    Paragraph 386 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

387.    Paragraph 387 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

388.    Paragraph 388 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

389.    Paragraph 389 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

390.    Paragraph 390 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

391.    Paragraph 391 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

392.    Paragraph 392 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

393.    Paragraph 393 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

394.    Paragraph 394 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

## SECOND CAUSE OF ACTION

395.    Midwest incorporates by reference herein its responses to Paragraphs 1-394, above, as if fully set forth herein.

396.    Paragraph 396 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

397.    Paragraph 397 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

398.    Paragraph 398 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

399.    Paragraph 399 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

400.    Paragraph 400 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

401.    Paragraph 401 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

402.    Paragraph 402 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

403.    Paragraph 403 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

## THIRD CAUSE OF ACTION

404.    Midwest incorporates by reference herein its responses to Paragraphs 1-403, above, as if fully set forth herein.

405.    Paragraph 405 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

406.    Paragraph 406 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

407.    Paragraph 407 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

408.    Paragraph 408 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

409.    Paragraph 409 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

410.    Paragraph 410 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

## FOURTH CAUSE OF ACTION

411.    Midwest incorporates by reference herein its responses to Paragraphs 1-410, above, as if fully set forth herein.

412.    Paragraph 412 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

413.    Paragraph 413 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

## FIFTH CAUSE OF ACTION

414.    Midwest incorporates by reference herein its responses to Paragraphs 1-413, above, as if fully set forth herein.

415.     Paragraph 415 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

416.     Paragraph 416 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

417.     Paragraph 417 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

418.     Paragraph 418 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

419.     Paragraph 419 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

### SIXTH CAUSE OF ACTION

420.     Midwest incorporates by reference herein its responses to Paragraphs 1-420, above, as if fully set forth herein.

421.     Paragraph 421 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

422.     Paragraph 422 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

423.     Paragraph 423 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

424.     Paragraph 424 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

425.     Paragraph 425 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

426.    Paragraph 426 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

427.    Paragraph 427 contains legal conclusions to which no response is required. To the extent that a response may be deemed to be required, Midwest denies.

Midwest denies all allegations not specifically admitted herein.

## PRAYER FOR RELIEF

Midwest denies that Plaintiff is entitled to any of the relief it seeks in its Prayer for Relief, including paragraphs 1-8.

## AFFIRMATIVE DEFENSES

Midwest asserts the following affirmative defenses without conceding that they bear the burden of proof as to any of the defenses pled. Midwest reserves the right to assert any additional affirmative defenses as they become known.

1.    The City's Amended Complaint fails to state a claim upon which relief may be granted.

2.    The City lacks Article III and/or statutory standing for one or more of its claims.

3.    This Court is an improper venue and/or another district would be a more convenient venue.

4.    The claims and defendants are improperly joined.

5.    The City's claims are barred by equitable doctrines of acquiescence, waiver, estoppel, and/or laches.

6.    The City's claims are barred because Midwest's conduct has not caused any harm to the City and/or one or more intervening causes led to the harm of which the City complains.

7.      There is no direct or proximate causal relationship between any conduct of Midwest and any harm of which the City complains.

8.      Any harm alleged by the City was caused, in whole or in part, by the acts or omissions of third parties over whom Midwest has no control.

9.      To the extent Midwest violated any law or regulation, such violations were not knowing, willful, or intentional.

10.     The City has failed to mitigate its alleged damages.

11.     The City's conduct, including its facially contradictory interpretations and applications of its own and New York state statutes and/or regulations, and federal statutes and/or regulation, is arbitrary, capricious, and undertaken in bad faith.

12.     The City is not entitled to one or more forms of the relief that it requests.

13.     The City's claims are barred in whole or in part by the applicable statute(s) of limitations.

14.     The City's claims are barred in whole or in part because its alleged injury and damages are speculative and cannot be ascertained and/or allocated with reasonable certainty.

15.     The City's claims and alleged damages are subject to set-off and/or offset.

16.     The City is not entitled to any equitable relief because it would have an adequate remedy at law.

17.     The City's claims are preempted, in whole or part, by federal law.

18.     The City's claims are barred to the extent they seek to impose liability based on constitutionally protected speech under the First Amendment.

19.     Midwest hereby adopts any and all additional or other affirmative defenses pled by any other Defendant in this action and reserves the right to amend its Answer to allege additional

affirmative defenses in the event Midwest discovers additional information that indicates such additional defenses are appropriate.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Midwest respectfully requests a trial by jury on all issues so triable raised in Plaintiff's Complaint and on Midwest's affirmative defenses.


Date: July 10, 2025                         Respectfully submitted,

                                  By:  __/s/ Eric N. Heyer_____
                                      Eric N. Heyer (*admitted pro hac vice*)
                                      Joseph A. Smith (*admitted pro hac vice*)
                                      Krupa Patel
                                      Ryan D. Callinan
                                      1919 M Street, NW, Suite 700
                                      Washington, DC 20036
                                      Phone: (202) 263-4128
                                      Fax: (202) 331-8330
                                      Eric.Heyer@thompsonhine.com
                                      Joe.Smith@thompsonhine.com
                                      Krupa.Patel@thompsonhine.com
                                      Ryan.Callinan@thompsonhine.com

                                      *Counsel for Midwest Goods, Inc.*
                                      *(d/b/a Midwest Distribution Illinois )*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 10, 2025, I filed the foregoing Answer via the Court's CM/ECF system, causing copies to be served upon all counsel of record.

_  /s/ Eric N. Heyer         _
Eric N. Heyer