UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK by Letitia James,<br><br>                       Plaintiff,<br><br>-against-<br><br>PUFF BAR, et al.,<br><br>                       Defendants.<br><br>THE CITY OF NEW YORK,<br><br>                       Plaintiff,<br><br>-against-<br><br>PUFF BAR, et al.,<br><br>                       Defendants. | 25-CV-01445 (MMG)<br>25-CV-02850 (MMG)<br><br>**ORDER** |

MARGARET M. GARNETT, United States District Judge:

      Before the Court are parallel motions to commence discovery in *People of New York v. Puff Bar, et al.*, Case No. 25-CV-01445 (the "State Action") and *City of New York v. Puff Bar et al.*, Case No. 25-CV-02850 (the "City Action"). For the reasons explained below, the motions are GRANTED, and the parties are directed to appear for a joint discovery conference on September 25, 2025.

## BACKGROUND

      The Court previously held a joint conference on April 30, 2025, to discuss issues related to coordination or consolidation of the State and City Actions. Based on the parties' written submissions and oral statements at the conference, the Court set separate briefing schedules in the two cases for the respective Defendants' anticipated motions to dismiss and motions to sever. The Court also ordered that "[d]iscovery in both cases shall be stayed pending at least the filing of the anticipated motions." State Action Dkt. No. 69; City Action Dkt. No. 21. In the State Action, Defendants filed a motion to sever, Dkt. No. 62, and a partial motion to dismiss, Dkt. No. 78 (the "Consolidated Motion to Dismiss"). Defendant EVO Brands, LLC ("EVO"), filed a supplemental motion to dismiss all claims against it. Dkt. No. 82 (the "EVO Motion to Dismiss"). In the City Action, Defendants filed a motion to sever, Dkt. No. 26, but did not file a motion to dismiss. Instead, all Defendants answered the City's complaint. Dkt. Nos. 43, 44, 45, 47, 55, 56. EVO is also a defendant in the City Action. All motions are now fully briefed.

      Plaintiff in the State Action moved to lift the stay of discovery on August 13, 2025, Dkt.

No. 103 (the "AG's Motion"), and Plaintiff in the City Action followed suit the next day, Dkt. No. 58 (the "City's Motion"). Defendants in the State Action filed a response to the AG's Motion on August 18, 2025. Dkt. No. 104. The City's Motion is apparently unopposed.

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal references omitted). "The decision to continue or lift a stay is a matter within this Court's discretion," and the Court should keep in mind the factors it considered in "ordering the stay in the first place." *In re Kind LLC "Healthy & All Natural" Litig.*, No. 15-MC-02645 (WHP), 2019 WL 542834, at *2 (S.D.N.Y. Feb. 11, 2019). In determining whether to stay discovery pending a motion, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted).

A stay of discovery is clearly no longer warranted in the City Action. No dispositive motion is pending, and all claims will proceed against all Defendants. The outcome of the pending motion to sever will not affect the applicability of any discovery. Accordingly, the discovery stay in the City Action is lifted.

In the State Action, the Consolidated Motion to Dismiss seeks to dismiss only five of the nine claims in the State Complaint. "Courts generally decline to grant discovery stays when 'there is no pending motion that potentially disposes of the entire action.'" *Cooper v. Off. of Comm'r of Baseball*, No. 24-CV-3118 (VSB), 2025 WL 419335, at *2 (S.D.N.Y. Jan. 9, 2025) (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-00377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022)). Here, the PACT Act and nuisance claims will necessarily survive and will require discovery that largely overlaps with the discovery related to the other claims. Thus, while Defendants argue that resolution of the Consolidated Motion to Dismiss could significantly narrow the claims at issue, there is no indication that it would significantly narrow discovery. In contrast, the EVO Motion to Dismiss seeks dismissal of all claims against Defendant EVO. However, EVO is also a defendant in the City Action, which brings substantially similar claims and will necessitate substantially similar discovery. Because discovery in the City Action will commence regardless, EVO's burden of responding to parallel discovery requests in the State Action is considerably diminished. Therefore, the discovery stay is no longer warranted and is hereby lifted.

Based on the parties' submissions, it appears that management of discovery in the two cases may benefit from a joint conference with the Court to discuss coordination, timing, and scope. The Court disagrees with Defendants' proposal to limit discovery to documents already produced in response to the State's investigatory subpoena and other documents requiring minimal review. However, other limitations on discovery, such as claim-based limitations, may be reasonable, depending on the parties' views on the overlapping nature of the claims. The parties are directed to meet and confer regarding such issues, and the Court will subsequently hold a conference.

## CONCLUSION

The AG's Motion and the City's Motion are GRANTED. By **September 12, 2025,** the parties shall meet and confer regarding the timing and scope of discovery, as well as coordination between discovery in the State and City Actions. If substantial agreement is reached on a discovery plan, counsel shall submit a proposed Civil Case Management Plan and Scheduling Order, using this Court's form proposed Civil Case Management Plan and Scheduling Order, which is available at https://nysd.uscourts.gov/hon-margaret-m-garnett. A joint letter may also be submitted outlining any remaining areas of disagreement and providing any other information counsel believe would be helpful to the Court in advance of the Conference. If substantial agreement on a discovery plan is *not* reached, counsel may submit letters, not to exceed three (3) pages, outlining their respective positions; if feasible in light of respective positions, the Court would prefer that a single letter be filed on behalf of all Defendants. Any pre-conference written submissions should be filed by **September 19, 2025.**

Counsel for all parties in both cases shall appear for a joint conference with the Court on **Thursday, September 25, 2025, at 2:30 p.m.** The conference will be conducted via Microsoft Teams. The public dial-in is +1 646-453-4442,,311077070#, and a direct link to the conference will be provided to all counsel.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 103 and 104 in Case No. 25-CV-01445 and Dkt. No. 58 in Case No. 25-CV-02850.

Dated: August 29, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge