

THE CITY OF NEW YORK
LAW DEPARTMENT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

September 19, 2025

**VIA ECF**
Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:   *City of New York v. Puff Bar, et al.*,
                 Case No. 25-CV-02850

Dear Judge Garnett:

      This Office represents Plaintiff the City of New York (the "City"), and submits this letter in compliance with this Court's Order, dated August 29, 2025 (ECF No. 61), directing the parties to file on ECF a joint letter, as well as a proposed Civil Case Management Plan and Scheduling Order. The City respectfully submits this letter together with all Defendants.

      **1.**  **Statement of the Nature of the Action and Anticipated Defenses**

*Plaintiff's Position*:    New York City, like New York State, is grappling with a public health crisis among its youth, caused by flavored vapor products, particularly ready-to-use disposable vapes. Like the State, the City brought this action to hold each Defendant accountable for creating, maintaining, and contributing to the youth vape epidemic in New York City through their marketing, promotion, sales, and distribution into and within New York of flavored vapor products, including disposable vapes, in direct violation of federal, state, and local laws. *See* 15 U.S.C. § 376a; 15 U.S.C. § 376; 18 U.S.C. § 1716E; N.Y. Pub. Health L. § 1399-*ll*; and N.Y.C. Admin. Code § 17-715. The City seeks to abate the continuing public health crisis for which Defendants are responsible and hold Defendants accountable in law and equity for the harms they have inflicted on the City. The Complaint asserts claims against Defendants for violations of the federal Prevent All Cigarette Trafficking Act, New York Public Health Law, the New York City Administrative Code, and common-law public nuisance.

Page 2
Hon. M. M. Garnett

*Defendants' Position:* The City of New York has brought claims against numerous defendants alleging violations of state and federal laws related to vapor products. Defendants deny the City's allegations and maintain that the complaint fails to state actionable claims against them. Specifically, Defendants anticipate asserting numerous defenses, including but not limited to: (1) lack of personal jurisdiction; (2) improper venue (as to some defendants); (3) failure to state claims upon which relief can be granted; (4) lack of standing; (5) preemption; (6) lack of causation; and (7) insufficient pleading with particularity required under Rule 9(b).

## 2. Contemplated Pre-Discovery Motions

*Plaintiff's Position*: While reserving its right to seek leave to amend or for default judgments as may be proper, the City currently does not anticipate making any pre-discovery motions.

*Defendants' Position:* Defendants reserve the right to make pre-discovery motions.

## 3. Extending the Fact and Expert Discovery Period

*Plaintiff's Position*: Following a series of meet and confers, consistent with the Court's order, dated August 29, 2025, the City proposes adopting in full the case management plan offered by all Defendants to the State in April 2025. Nonetheless, the parties are unable to reach agreement on a small number of case management deadlines. Accordingly, the appended Proposed Civil Case Management Plan sets forth the parties' respective suggestions for this Court's consideration where necessary. By its submission, the City recognizes the Court's outer limit of 120 days for fact discovery and 45 days for expert discovery and that the majority of its proposed dates fall outside of those ordinary boundaries.[1] While the City is prepared to accept the Court's default dates, certain factors, such as the number of Defendants, militate in favor of extending this Court's suggested timeframe for discovery. Moreover, although the City would prefer a shorter discovery period, the adoption of the plan all Defendants supported in April, avoids a protracted and unnecessary dispute now and potential extension requests in the future.

*Defendants' Position:* There are nine Defendants and several lawyers associated with each respective Defendant. Defendants respectfully submit that the discovery timeframe suggested by the City (150 days for fact discovery and 60 days for expert discovery) is insufficient given the complexity of this case.

The State and City have indicated to defense counsel that they probably will be serving extensive discovery requests, both collectively against the Defendants and separately against each Defendant, and anticipate relying on fewer than five experts. The defense consequently will have numerous expert witnesses as well. The parties therefore need adequate time for fact discovery and depositions, especially as the State has also requested more than the standard ten (up to thirty)

---

[1] See attached proposed Civil Case Management Plan and Scheduling Order.

Page 3
Hon. M. M. Garnett

depositions. Just coordinating discovery and experts among the Defendants, while ultimately saving the parties and this Court time, will be a significant undertaking. Additionally, ESI discovery will require significant resources to review and tag documents in a meaningful way. Defendants' proposed fact discovery and expert discovery identified in the proposed case management order and proposed discovery chart as more realistic timeframes that will allow for orderly discovery without burdening the Court with discovery disputes that often arise from compressed schedules. By way of example, Defendants anticipate the need for rolling production of documents up to twenty-one days from the close of fact discovery according to a production schedule agreed upon by the parties to adequately respond to the Attorney General's planned requests.

4. **Number of Depositions**

*Plaintiff's Position*: The City requests permission to notice depositions beyond the standard ten, and to reserve the need to depose third party witnesses as necessitated by discovery. The City expects that sixteen depositions would be sufficient for discovery purposes, given the number of parties, claims, and issues involved.

*Defendants' Position:* The appropriate number of depositions will depend on the City's witness list and expert disclosures. Defendants propose that each side be limited to fifteen depositions, with the understanding that the parties can seek leave of Court for additional depositions if necessary, after the initial disclosures and witness lists are exchanged. This approach balances the need for discovery with principles of proportionality under Rule 26. In addition, Defendants assert that limiting the number of depositions is consistent with the parties' jointly pronounced desire to continue settlement discussions throughout the discovery process which should hopefully help alleviate the need for copious numbers of depositions (see comments below in paragraph (5)).

5. **Prospects for Settlement**

*Plaintiff's Position*: Like the State, the City is open to any and all discussions that will facilitate the just resolution of this action. The City has engaged in several early discussions with three Defendant group parties, and remains open to any such continued or additional discussions in good faith.

*Defendants' Position:* Some Defendants intend to pursue settlement discussions with the City more assertively than others. Those Defendants will either file a motion with the Court requesting mediation through the Southern District of New York's formal settlement procedures or will engage with the City directly to initiate meaningful settlement discussions. All Defendants remain open to good-faith settlement discussions at the appropriate times, while recognizing that such discussions may be premature until threshold legal issues are resolved and the parties have a better understanding of the scope of potential liability, if any.

6. **Protective Order**

The parties agree that a tailored confidentiality order governing the pre-trial phase of this action that conforms to Your Honor's model protective order is appropriate. The parties have met and

Page 4
Hon. M. M. Garnett

conferred on a protective order and have exchanged drafts, but several outstanding issues remain unresolved. It is the parties' hope to jointly submit a proposed protective order to the Court for approval by September 23, 2025 in advance of the September 25th scheduling conference. Should the parties be unable to reach agreement, we will submit the parties' respective proposed protective orders on September 23, 2025 for the Court's resolution.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Eric Proshansky*
Eric Proshansky
Assistant Corporation Counsel

Page 5
Hon. M. M. Garnett


Eric Heyer
Thompson Hine LLP
1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537
Counsel for 10 Days, Inc., Midwest Goods Inc.,
SV3, LLC, and Safa Goods LLC

Mary G. Bielaska
Zanicorn Legal PLLC
845 Third Avenue, 6th Floor
New York, NY 10022
Counsel for Puff Bar, PVG2, EVO Brands, LLC

Madison Kucker
Reitler Kailas & Rosenblatt
885 3rd Avenue, 20th Floor
New York, NY 10022
Counsel for Safa Goods LLC

Christopher J. Dalton
Buchanan Ingersoll & Rooney PC
550 Broad Street
Suite 810
Newark, NJ 07102-4582
Counsel for Myle Vape Inc. and MVH I, Inc.

Case 1:25-cv-02850-MMG    Document 63-1    Filed 09/19/25    Page 6 of 6