

THE CITY OF NEW YORK

LAW DEPARTMENT

| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Eric Proshansky<br>Assistant Corporation Counsel<br>212.356.2032<br>eproshan@law.nyc.gov |
|---|---|---|

October 3, 2025

**VIA ECF**
Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *City of New York v. Puff Bar, et al.*, Case No. 25-CV-02850

Dear Judge Garnett:

      Defendants' October 3, 2025 letter (Dkt. No. 70) makes misleading statements that require a response. In their letter, Defendants state that "[t]he City shared confidential information obtained in private, civil litigation for the sole purpose of obtaining a result it could not obtain in litigation." *Id.* They further state that "the information shared was information the United States Postal Service already had or could have obtained directly from the producing party through legitimate means." *Id.* These statements are flatly wrong, if not intentionally misleading.

      Through discovery in *City of New York v. Magellan Technology Inc., et al.*, 23-cv-05880 (S.D.N.Y.), the City became aware that Demand Vape was shipping products through the United States Postal Service ("USPS"). By law, USPS may not "accept for delivery or transmit through the mails any package that it knows or has reasonable cause to believe contains any cigarettes or smokeless tobacco." 18 U.S.C. § 1716E(a)(1). There is an exception for "tobacco products mailed only – (i) for business purposes between legally operating businesses that have all applicable State and Federal Government licenses or permits and are engaged in" the tobacco business. *Id.* § 1716E(b)(3). However, in implementing that exception, USPS is required to "ensure that any recipient of an otherwise nonmailable tobacco product sent through the mails . . . is a business or government agency that may lawfully receive the product." 18 U.S.C. § 1716E(b)(3)(B)(ii)(II).

      The City's position in *Magellan* was that Demand Vape does not qualify for the business exception because the entities to which it was shipping were not able to "lawfully receive the

product."  Accordingly, after learning that Demand Vape was shipping products through USPS, the City sought permission from the court in *Magellan*, under the Protective Order, to share information with USPS.  *See* Letter, *City v. Magellan*, No. 23-cv-05880 (S.D.N.Y. June 10, 2025), Dkt. 150 at 2-4.[1]  Notably, USPS did not have the information the City sought to share, because USPS had no knowledge of the package contents or the fact that the recipients were in violation of State and City law, compliance with which is a condition for mailing e-cigarettes through the Postal Service.

Eventually, Demand Vape *agreed* that the City could provide USPS with the information ultimately provided—redacted to remove supposedly proprietary information about the recipients—so that USPS could make its own determination as to whether Demand Vape's permission to ship flavored e-cigarettes should be revoked, which USPS in fact found to be the case.  It was ultimately up to USPS to terminate Demand Vape's shipping privilege for violation of USPS rules.  Significantly, Demand Vape did not protest that revocation of its mailing privilege, effectively conceding that its mailings were indefensible.

The City's intent in providing information to USPS in *Magellan* was not to "obtain a result it could not obtain in litigation"[2]—it was to stem the tide of flavored e-cigarettes arriving in the City.  That result is aligned with the ultimate relief sought in the City's cases against e-cigarette manufacturers and distributors: a permanent injunction preventing the defendants from violating the PACT Act and committing a public nuisance.  Once again, it was ultimately USPS's decision as to whether Demand Vape should be permitted to ship e-cigarettes in violation of USPS rules.

The information-sharing in *Magellan* illustrates that the protective order proposed by the City here should govern.  This case is—at its core—about illicit products trafficked into the City.  Law enforcement and government agencies should not be thwarted by confidentiality orders (meant to protect commercial business information) from receiving information useful in interrupting trafficking—*without* the redactions insisted upon by Demand Vape, which interfere with enforcement efforts against recipients. By receiving notice of the request for and sharing of information, Defendants will have an opportunity to attempt to argue the legality of their activities to the recipient agencies.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Eric Proshansky*
Eric Proshansky
Assistant Corporation Counsel

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.nysd.601850/gov.uscourts.nysd.601850.150.0.pdf; *see also* https://storage.courtlistener.com/recap/gov.uscourts.nysd.601850/gov.uscourts.nysd.601850.151.0.pdf; https://storage.courtlistener.com/recap/gov.uscourts.nysd.601850/gov.uscourts.nysd.601850.152.0.pdf.

[2] The implication of that contention is completely obscure to the City, which has regularly obtained halts to cigarette shipments through litigation.  *See, e.g.*, *City of N.Y. v. U.S. Postal Serv.*, 519 F. Supp. 3d 111 (E.D.N.Y. 2021).