USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

       -against-

PUFF BAR, et al.,

                Defendants.

25-CV-02850 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

On March 31, 2026, the Court issued an Opinion and Order in *People of The State of New York, By Letitia James v. Puff Bar*, No. 25-CV-01445 (the "State Case"), granting in part and denying in part Defendants' motion to dismiss, and denying Defendants' motion to sever. *See Puff Bar*, No. 25-CV-01445, Dkt. No. 135. As both the City and Defendants acknowledge, that case raises overlapping issues and allegations to this case. *See* Dkt. No. 15 at 1 (describing this case as "essentially the same case" as the State's case); Dkt. No. 26-1 at 5 (describing this case as a "copycat action" of the State Case).

Defendants in this case have also moved to sever the City's claims against them and seek severance on largely the same grounds as in the State Case. *See* Dkt. No. 26. Defendants' motion is DENIED on substantially the same grounds as in the State Case. As in the State Case, the City alleges that Defendants violated the same laws in essentially the same way. *See, e.g.,* Dkt. No. 1 at 130 (alleging that all Defendants violated § 17-715(b)(1) of the N.Y.C. Administrative Code by selling, offering to sell, or possessing with the intent to sell or offer to sell flavored electronic cigarettes and/or flavored e- liquids). And, like in the State Case, the City's allegations—particularly as to concerted or coordinated activity, as well as the effects of Defendants' alleged conduct—raise common questions of fact among the various Defendants.

1

*See, e.g., id.* ¶ 355 (alleging that Defendants "sell and purchase e-cigarette products among themselves to establish an overlapping inventory of various e-cigarettes").  The remaining factors relevant to severance also weigh against severing the City's claims for the same reasons as set forth in the State Case Opinion & Order.

The City has also moved to consolidate this case with the State Case.  *See* Dkt. No. 15. At the time of the motion, the Court and the parties viewed this motion as premature, and instead proceeded to treat the cases as related, set a coordinated discovery schedule, and have both cases handled by the same Magistrate Judge for settlement.  Given these intervening events, the City's original motion is denied without prejudice to renewal after the collective settlement conferences that are scheduled to take place with Judge Figueredo in May.  If the City, or any party, wishes to file a renewed motion for formal consolidation, they may do so at any time after May 21, 2026.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 15 and 26.

Dated: March 31, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2