

THE CITY OF NEW YORK

## LAW DEPARTMENT

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Eric Proshansky**
Assistant Corporation Counsel
212.356.2032
eproshan@law.nyc.gov

April 2, 2026

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court

Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: *City of New York v. Puff Bar, et al.*, Case No. 25-CV-02850

Dear Judge Garnett :

We represent plaintiff the City of New York (the "City") in this action against Puff Bar, Evo Brands, LLC, PVG2 LLC d/b/a Puff Bar (the "Puff Defendants"); Midwest Goods Inc. d/b/a Midwest Distribution Illinois ("Midwest"); 10 Days, Inc. d/b/a Pod Juice ("Pod Juice"); Safa Goods LLC ("Safa Goods"); SV3, LLC d/b/a Mi-One Brands ("SV3"); and Mylé Vape Inc. and MVG I, Inc. (the "Mylé Defendants"). The City writes pursuant to the Court's Individual Rule II(A)(6) to request an order compelling all defendants to comply with their discovery obligations. Defendants have not produced whole categories of documents relevant to the City's claims in this action, including (1) communications with customers, suppliers, delivery carriers, and regulatory agencies; (2) documents related to suppliers and sales, delivery, and marketing practices that extend beyond New York City and State; and (3) gross sales figures.

### BACKGROUND

The City commenced this case on April 7, 2025, alleging that Defendants have created, and contribute to, an "epidemic of youth e-cigarette use" in violation of the PACT Act, N.Y.C. Administrative Code § 17-715, N.Y. Pub. Hlth. L. § 1399-ll, and the law of public nuisance. The Complaint's allegations include, *inter alia*, that defendants made illegal delivery sales to customers in violation of the PACT Act, violated New York City's flavor ban, created and maintained a

1

market for harmful flavored e-cigarettes, and created a public nuisance by injuring the health and safety of New Yorkers by contributing to the widespread use of flavored vapes. *See generally* Compl., Dkt. No. 1. Defendants answered the Complaint on July 10, 2025. *See* Dkt. Nos. 43-47, 54-56.

The City served its discovery demands on October 27, 2026. *See* Ex. A. All the defendants, except Puff Bar, responded to the City's discovery demands between December 22 and December 24, 2025. Puff Bar responded on January 26, 2026 by sending "draft Responses and Objections." In their R&Os, defendants make clear that they do not intend to produce "electronic mail or other forms of electronic correspondence" because "such information is not reasonably accessible in view of the undue burden." *See, e.g.,* Ex. B (Midwest R&Os) at 5. Defendants' R&Os also made clear that they would not produce "documents relating to information and or sales outside of New York City." *Id.* ¶ 6.

The City held meet and confers with each set of defendants. *See* Ex. C (chart of meet and confers). During the meet and confers, the Mylé Defendants, SV3, and Safa Goods stated that they would attempt to reach a compromise regarding the production of electronic correspondence or made representations that productions containing electronic correspondence would be forthcoming. To date, however, the City has not received a single communication – other than marketing blasts – from defendants.

On February 12, 2026, the City served FRCP 30(b)(6) notices on defendants. The 30(b)(6) notices requested a witness with knowledge of, *inter alia*, "total annual gross revenue for all sales in the United States." *See* Ex. D ¶ 3(a). On February 25, 2026, defendants sent the City a letter objecting to the deposition notice and stating that "financial testimony should be limited to NYC-specific gross sales/revenue figures for the relevant period." *See* Ex. E at 2. On March 4, the parties held a meet and confer, where defendants re-articulated that they wanted to limit testimony to NYC-specific sales.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." F.R.C.P. 26(b)(1). Information is "relevant" if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016). "'In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable.' Relevance thus is broadly construed." *Mandarin Oriental, Inc. v. HDI Glob. Ins. Co.*, 2025 U.S. Dist. LEXIS 219184, *11 (S.D.N.Y. Nov. 6, 2025) (quoting *Nat'l Cong. For Puerto Rican Rts. v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000). "Once the party seeking discovery demonstrates relevance, the burden shifts to the opposing party to justify curtailing discovery." *Id.* (cleaned up).

## ARGUMENT

### 1. Defendants Must Produce Communications

In its Complaint, the City has asserted that defendants sell or possess with intent to sell flavored vapes in violation of the PACT Act, N.Y.C. Administrative Code §17-715, and NY Pub. Health L. § 1399-*ll.* The City has further alleged that in doing so, defendants contribute to a public nuisance. The City's requests for *communications* involving the sales of flavored e-cigarettes,

including electronic correspondence, aim at information relevant in several ways, including but not limited to: the extent of defendants' sales into the City; defendants' intent to possess and offer for sale flavored e-cigarettes; how their sales operations function; how their shipments are made; the quantity of flavored e-cigarettes they are selling; the quantity of e-cigarettes that they received from suppliers for sale into the City; and defendants' knowledge as to their customers lawful operations. The evident relevance of this information places a heavy burden on defendants to establish that production of this information should be denied.

As noted by the State in its submission in *State v. Puff Bar, et al.*, 25-cv-01445 (MMG), defendants have provided no support for their objection that producing electronic communications is burdensome. *See* March 30, 2026 Ltr., *State v. Puff Bar*, 25-cv-01445 (MMG), Dkt. No. 131 at 3. In addition, their overtures at compromise have been merely performative. They have not identified custodians or provided the City with potential search terms, data sources, or hit counts. Accordingly, there is no merit to defendants' burden concerns in producing electronic communications, and the Court should order they be produced. *See Black Love Resists in the Rust v. City of Buffalo*, 334 F.R.D. 23, 28–29 (W.D.N.Y. 2019) (burden objection rejected where defendants failed to quantify the number of documents involved or the time and resources required to conduct the search).

### 2. Defendants Cannot Unilaterally Narrow Their Productions to New York City and State-Specific Documents

The City, like the State, has requested upstream information outside of New York City and State's geographical area, including documents and communications with entities from whom defendants have purchased flavored e-cigarettes, including foreign manufacturers. *See* Ex. A, RFP 2 & 21-26. These requests bear directly on the City's claims, particularly in understanding defendants' control of the market and its supply, their role in the creation of the market, and their contribution and maintenance of the public nuisance alleged in the City's Complaint. These documents are also relevant for the reasons given in the State's submission to the Court—they "are directly relevant to (i) determining how defendants structured their distribution channels; (ii) whether their delivery and reporting practices resulted in products being shipped into and from New York in violation of the PACT Act; and (iii) the scope of defendants' participation in the alleged public nuisance." *See* March 30, 2026 Ltr., *Puff Bar*, 25-cv-01445 (MMG), Dkt. No. 131 at 2. Given that defendants never moved to dismiss the City's claims, they cannot limit their productions to sales within New York State and City boundaries.

### 3. Defendants Must Produce Information Regarding Their Gross Sales

Defendants have not only objected to producing a witness related willing to testify as to gross sales, but, in addition, filed a premature motion seeking a ruling from the Court on the meaning of the term "gross sales" under the PACT Act, 15 U.S.C. § 377. *See* Defs.' Ltr. Mot., Dkt. No. 80. Defendants objections to producing evidence of gross sales have no merit.

The PACT Act provides for a civil penalty in an amount not to exceed: "(A) in the case of a delivery seller, *the greater of* (i) $5,000 in the case of the first violation, or $10,000 for any other violation; or (ii) for any violation, 2 percent of the gross sales of cigarettes or smokeless tobacco of the delivery seller during the 1-year period ending on the date of the violation." 15 U.S.C. § 377(b)(1)(A)(ii) (emphasis added). Defendants contend that if "gross sales" excludes sales into

jurisdictions other than New York City, they are absolved from producing discovery concerning their nationwide sales—they are not; "gross sales" is commonly and ordinarily defined to mean a company's "total" sales or "all" sales, thus including sales outside of the City. Even if defendants were correct as to the definition of the term, which they are not, the scope of discovery is not limited to what would be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Defendants' gross sales numbers are particularly relevant to public nuisance, in the form of revealing their shares of the national market, and the share of each defendant's sales into New York City. Moreover, there is no additional burden for defendants in producing gross sales information; these are figures easily at their disposal and generated through their sales' systems. Accordingly, the Court should order defendants produce this information.

### 4. Defendants Cannot Refuse to Share Discovery with Each Other

The City joins in the State in its argument that defendants must produce discovery to each other. As stated by the State, there is a Protective Order in place in this litigation that should alleviate concerns about the sharing of information. By not allowing for the sharing of discovery information, defendants have needlessly complicated this litigation and, like the State, the City is concerned that it will be hamstrung during depositions.

### CONCLUSION

For the forgoing reasons, the City respectfully requests an order: (1) overruling defendants' objections to its requests; and (2) compelling defendants to (a) produce within 2 weeks to all parties all outstanding discovery, electronic communications and upstream-related information, responsive to the City's requests, (b) produce to each other all discovery produced to the City. Additionally, given the limited nature of defendants' productions to date, the City, like the State, is unable to proceed with noticed depositions and respectfully joins in the State's request for a 45-day extension of the deadlines set forth in the modified scheduling order. Dkt. No. 79.

Respectfully submitted,

*/s/ Eric Proshansky*
Eric Proshansky
Elizabeth Slater
Aatif Iqbal
Assistant Corporation Counsel

Encl.
Cc:    All Counsel of Record (via ECF)
       Counsel of Record for State of New York,
       Related Case No. 25-cv-01445 (MMG) (via e-mail)

4