UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THE CITY OF NEW YORK,

               Plaintiff,

      -against-                                Case No. 25-cv-02850

PUFF BAR, EVO BRANDS, LLC, PVG2, LLC d/b/a
PUFF BAR, MIDWEST GOODS INC. d/b/a MIDWEST
DISTRIBUTION ILLINOIS, 10 DAYS, INC. d/b/a POD
JUICE, SAFA GOODS LLC, SV3, LLC d/b/a MI-ONE
BRANDS, MYLÉ VAPE INC., MVH I, INC.,

               Defendants.

-------------------------------------------------------------------x

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

The City of New York (the "City"), by its attorney, Muriel Goode-Trufant, Corporation

Counsel of the City of New York, pursuant to Fed. R. Civ. P. 34, requests that Defendants Puff

Bar, Evo Brands, LLC, PVG2, LLC d/b/a Puff Bar, Midwest Goods Inc. d/b/a Midwest

Distribution Illinois, 10 Days, Inc. d/b/a Pod Juice, SAFA Goods LLC, SV3, LLC d/b/a/ MI-ONE

Brands, Mylé Vape Inc., and MVH I, Inc. produce the documents requested herein to the City's

undersigned counsel in accordance with the instructions and definitions set forth below.

## DEFINITIONS

These Document Requests are continuing in nature and any requested documents obtained or

discovered after the initial production shall be produced forthwith.

        1.     The terms "all," "any," and "each" shall each be construed as encompassing

any and all.

2.      "And" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any information, communications and/or documents that might be construed to be outside its scope.

3.      The term "City" means plaintiff the City of New York, including all its departments and agencies and all officials, employees, agents, attorneys, representatives, executors, successors, assigns, and other persons acting or purporting to act on its behalf.

4.      "Communication" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(1), *i.e.*, "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)."

5.      The terms "concerning," "relating to" and "related to" shall be construed in their broadest sense and include, without limitation, relating to, referring to, concerning in any way, reflecting, recording, memorializing, mentioning, embodying, describing, analyzing, constituting or evidencing, whether directly or indirectly.

6.      The term "Defendants" refers to Defendants Puff Bar, Evo Brands, LLC, PVG2, LLC d/b/a Puff Bar, Midwest Goods Inc. d/b/a Midwest Distribution Illinois, 10 Days, Inc. d/b/a Pod Juice, SAFA Goods LLC, SV3, LLC d/b/a/ MI-ONE Brands, Mylé Vape Inc., and MVH I, Inc.,  including all of their predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

7.      "Document" is used in its customary, broad sense as defined in Local Civil Rule 26.3(c)(2), *i.e.,* any "documents or electronically stored information . . . stored in any medium from which information can be obtained," Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, the original, each non-identical copy, and each draft, regardless of origin or location,

no matter how or when produced or reproduced, of: any written, typed, printed, recorded, electronic, graphic or photographic material of any kind; any retrievable data or information, however stored, recorded or coded; and all tangible things from which information may be transcribed. A document with handwritten, typewritten, or other recorded notes or intentional marks shall not be deemed identical to one without such additions or modifications. This definition includes, without limitation: computer files, computerized records, data, data compilations, electronic correspondence, website information, instant messages, internet communications, internet postings, notes, logs, diaries, memoranda, invoices, bills of lading, advertisements, drawings, graphs, charts, photographs, and sound recordings. This definition includes all documents in Your actual or constructive possession, custody, care or control, whether or not prepared by You and whether or not currently within the possession of Your attorneys.

8.    "E-cigarette" means an electronic device that delivers vapor which is inhaled by an individual user, and shall include any refill, cartridge and any other component of such a device.

9.    "FedEx" means the delivery service provider FedEx Corporation or Federal Express Corporation.

10.    "Person" means any natural person or any business, legal or government entity or association and divisions, departments or other units thereof.

11.    "UPS" means the delivery service provider United Parcel Service, Inc.

12.    "Vapor product" means any noncombustible liquid or gel, regardless of the presence of nicotine therein, that is manufactured into a finished product for use in an electronic cigarette, including any device that contains such noncombustible liquid or gel.

13.     The term "you" or "your" shall mean the particular Defendant responding to these document requests,   including all of the Defendant's predecessors, successors, parents, subsidiaries, affiliates, and present and former officers, directors, employees, experts, and agents, and all other persons acting on their behalf, including without limitation, their attorneys.

## INSTRUCTIONS

1.     Documents shall be produced either as they are kept in the regular course of business or organized and labeled to correspond to the respective requests.

2.     All electronically stored information ("ESI") responsive to the requests shall be produced in electronic format.  The party responding to this Notice shall confer with the undersigned counsel before producing ESI.  Subject to such conferral, the following instructions shall apply to production of ESI:

> i.     ESI shall not be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use.  ESI shall not be produced in a form that removes or degrades any ability to search ESI by electronic means.

> ii.     All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format are to be produced in their native format along with any software necessary to interpret such files if such software is not readily available. All other electronic documents, including electronic mail together with any attachments, are to be converted and produced as single page TIF images with a corresponding Opticon (Concordance image) load file.

iii. A unique production number ("Bates stamp") should be branded on each TIF image.

iv. All responsive ESI is to be produced with the metadata normally contained within such information. All associated metadata, including parent/child info (through BEGFAMILY and ENDFAMILY fields), is to be produced in a .DAT load file with standard Concordance delimiters. The fields to be included in the .DAT file are to be obtained from the undersigned counsel before production.

v. Any file that is specifically requested to be produced in native format, or that cannot be converted to TIF, is to be produced in its original native format with a link to the native file included in the NATIVELINK field within the .DAT file. A Bates-stamped, single page TIF placeholder indicating that the file was produced natively is to be included as the corresponding image for any file that cannot be converted. The native file should be renamed to reflect the Bates number assigned to the corresponding TIF placeholder.

vi. All associated text of the responsive ESI (extracted or OCR) should be provided in a text file named after the starting Bates number of the document. There should be one text file per document and a link to the text file should be included in the Text Link field within the .DAT file.

vii. The folder structure of the deliverable is to be formatted as follows: a top level directory, which should be unique for every production deliverable; subdirectory named "DATA" containing Opticon and .DAT load files;

subdirectory named "IMAGES" containing single page TIF images or color JPGs when requested; subdirectory named "NATIVES" containing files provided in native format; and subdirectory named "TEXT" containing all corresponding .txt files (extracted or OCR) without any additional subfolders.

viii.    Files with hidden content, tracked changes, revisions, comments, or notes should be imaged with such content viewable.

3.    Where a document responsive to any request is withheld on the basis of a claim of privilege, the information required by Fed. R. Civ. P. 26(b)(5) shall be provided.  If a document within a responsive family is fully withheld for privileged or non-responsiveness, a Bates-stamped, single page TIF placeholder indicating either "Document Withheld for Privilege" or "Document Withheld for Non-Responsiveness" should be included as the corresponding image for the withheld file.  This information should also be reflected in the "Contains Slip Sheet" and "Slip Sheet Language" fields in the .DAT file.

4.    This Notice shall be deemed continuing so as to require supplemental production if, following initial production, additional documents are received or discovered at any time prior to the conclusion of this action.

5.    A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, enclosures, exhibits, attachments, or schedules to the document, in addition to the document itself.

6.    A request for a document shall be deemed to include a request for all its drafts and all revisions or modifications, in addition to the document itself.

7.    Each request, unless it states otherwise, shall be construed independently and not by reference to any other request for the purpose of limiting the scope of the request.

8.    These requests shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, nor shall they be construed as an admission of any fact.

9.    Unless the text clearly requires otherwise, the following rules of construction shall apply, so as to bring within the scope of each request any documents that might otherwise be deemed outside its scope:  the singular form of a word includes the plural and vice versa; the conjunctive term "and" includes the disjunctive term "or" and vice versa; the word "any" includes the word "all" and vice versa; and any tense of a verb includes all other tenses of the verb.

10.    Where a claim of privilege is asserted in response to any of the following requests, or any subpart thereof, and any information or document, or portion thereof is not provided on the basis of such claim, Defendants shall provide the following information:

a)    the basis of the privilege being claimed;
b)    the type of information or document, including the manner of recording or reproduction;
c)    the nature of information or the subject matter of the document;
d)    the date of the document;
e)    the custodian of the information and/or the author and recipient of the document;
f)    all other persons who are designated as having received information or copies of the document; and
g)    the number of pages, attachments and appendices.

11.    Each request, unless it states otherwise, is not limited as to time period.

12.    The past tense includes the present tense and the present tense includes the past tense.

13.     Where a claim of privilege is asserted in response to any of the following requests, or any subpart thereof, and any information is not provided on the basis of such assertion, the following information shall be provided:

a.  the nature of the privilege being claimed;

b.  the type of information or document, including the manner of recording or reproduction;

c.  the nature of information or the subject matter of the document;

d.  the date of the document;

e.  the custodian of the information and/or the author and recipient of the document;

f.  all other persons who are designated as having received information or copies of the document; and

g.  the number of pages, attachments and appendices.

14.     If any document, or any part of a document, called for by this request has been destroyed, discarded, lost or otherwise disposed of or placed beyond the custody or control of Defendant, Defendant shall furnish a list setting forth as to each such document:

h.  the identity of the authors or preparers of the document;

i.  the identity, address, and phone numbers of every person who received, read or viewed the document;

j.  the date, if any, which the document bears;

k.  the specific subject matters of the document and the title, if any, which the document bears;

l.  the date of destruction or other disposition of the document;

m.  the reasons for the document's destruction or other disposition;

n.   the persons authorizing destruction or other disposition of the document;

o.   the persons destroying or disposing of the document; and

p.   the paragraphs of this request which call for the production of the document.

15.    Unless otherwise indicated, the relevant time period for each Request runs from March 27, 2021 to the present.

## DOCUMENT REQUESTS

1.    Documents sufficient to show all brands of e-cigarettes and/or vapor products sold by You.

2.    All documents and communications showing any entity from which You have purchased e-cigarettes and/or vapor products.

3.    All documents and communications concerning sales of e-cigarettes and/or vapor products to any entity in New York City by You.

4.    All documents and communications concerning sales of e-cigarettes and/or vapor products to any entity in New York State by You.

5.    Documents and communications sufficient to show transactions of e-cigarettes and/or vapor products involving You and any other Defendant in this action.

6.    Documents and communications sufficient to show transactions of e-cigarettes and/or vapor products involving You and each of the following entities:

a.   Magellan Technology, Inc.

b.   Ecto World, LLC d/b/a Demand Vape

c.   YLSN Distribution Inc. d/b/a Happy Distro

d.   Price Point Distributors Inc. d/b/a Price Point NY d/b/a Pricepointny.Com

e.   EnviroMD Group LLC

9

    f.   GT Imports

    g.   Kayla Wholesale, Inc., d/b/a The Vapery

    h.   KLCC Wholesale Inc.

    i.   Pioneer Distribution, Inc. a/k/a Wevapeusa.Com a/k/a Seller Supreme LLC

    j.   RZ Smoke Inc.

    k.   Star Zone Inc.

    l.   Urban Smoke Distributors

    m.  Vape More Inc. a/k/a More LLC

    n.   Vape Plus Distribution Corp. a/k/a G&A Distribution

7. Documents and communications sufficient to show sales made by You of e-cigarettes and/or vapor products nationwide.

8. All New York State vapor product dealer's registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by You in connection with any transaction involving e-cigarettes and/or vapor products with any entity located in the State of New York.

9. All documents and communications regarding any Vapor Products Dealer Certificate obtained or attempted to be obtained by You pursuant to Tax Law § 1183, including copies of any Vapor Products Dealer Certificate, or other documents or communications demonstrating that You have been issued a Vapor Products Dealer Certificate or that You attempted to obtain a Vapor Products Dealer Certificate.

10. Copies of Vapor Products Dealer Certificates issued pursuant to Tax Law § 1183 to each customer to which You ship or cause to be shipped vapor products, or other

documents or communications sufficient to show that the customer has been issued a Vapor Products Dealer Certificate.

11. All documents and communications received by You from any federal agency, including but not limited to the federal Food and Drug Administration, the Bureau of Alcohol, Tobacco, Firearms & Explosives and the Tobacco Trade Bureau, regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

12. All documents and communications received by You from New York State regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

13. All documents and communications received by You from New York City regarding the e-cigarettes You possess, sell, distribute, or offer for sale.

14. Documents and communications sufficient to show payment of sales taxes on e-cigarettes sold by You.

15. Documents and communications sufficient to show sales by You that are exempt from sales tax payments.

16. Documents and communications sufficient to show payment of sales taxes on e-cigarettes sold by Your customers.

17. Documents and communications sufficient to show the steps taken by You to ensure that Your customers pay sales taxes.

18. All documents showing the labelling on packages sold by You to any person in New York City, including any labelling stating that the package contains vapor products.

19. Documents and communications sufficient to show Your internal policies or procedures regarding the packaging requirements for Your shipments of vapor products.

11

20. All documents evidencing the weight of packages sold by You containing vapor products to any person in New York City.

21. All documents and communications with foreign manufacturers of e-cigarettes and/or vapor products involving manufacturing, sales, or importation of e-cigarettes and/or vapor products.

22. Documents showing ownership of Defendants by any person.

23. Documents showing any ownership interest by Defendants in any entity importing, selling, manufacturing, or distributing e-cigarettes and/or vapor products.

24. All documents evidencing shipments by You or to You of e-cigarettes using the United States Postal Service.

25. All documents evidencing shipments by You or to You of e-cigarettes using FedEx and/or UPS.

26. All documents evidencing shipments by You or to You of e-cigarettes using any common carrier or private delivery service, including but not limited to using vehicles owned by you.

27. All documents evidencing Your receipt of orders by telephone, internet or mail.

28. All documents related to any internet website owned or operated by You.

29. All documents produced by You to the New York State Attorney General.

30. All documents concerning federal, state, or local enforcement actions concerning e-cigarettes.

Dated:    New York, New York
          October 27, 2025

                MURIEL GOODE-TRUFANT
                Corporation Counsel of the
                   City of New York
                *Attorney for Plaintiff*
                100 Church Street Rm. 3-211
                New York, NY 10007
                (212) 356-2032

By:    /s/ *Eric Proshansky*
          Eric Proshansky
          Elizabeth Slater
          Aatif Iqbal
          Assistant Corporation Counsels