UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THE CITY OF NEW YORK,

               Plaintiff,

     -against-                                      **Case No. 1:25-cv-02850-MMG**

PUFF BAR, *et al.*,

               Defendants.

-------------------------------------------------------------------x

### DEFENDANT MIDWEST GOODS INC.'S
### OBJECTIONS AND RESPONSES
### TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Midwest Goods Inc. (d/b/a Midwest Distribution Illinois) ("Midwest" or "Defendant") objects and responds to Plaintiff The City of New York's (the "City") First Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to the Requests, and the instructions and definitions therein, to the extent they impose any requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure or Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and any other relevant order, stipulation, or agreements among the parties.

2.      Defendant objects to the Requests, and the instructions and definitions therein, to the extent they seek information that is protected from discovery by attorney-client privilege, work-product doctrine, common-interest privilege, joint defense doctrine, and/or any other applicable privilege or immunity. Nothing contained herein or in any response is intended to be, or in any way constitutes, a waiver of any applicable privilege. Any response containing privileged information is inadvertent and any inadvertent disclosure does not constitute a waiver of any

privilege or other basis for objection to discovery, nor does it constitute a waiver of Defendant's right to object to the use of any such information that is inadvertently disclosed. Any objection based on privilege or immunity does not mean that such information or documents necessarily exist.

3.    Defendant objects to the Requests, and the instructions and definitions therein, to the extent they seek information that is not within the possession, custody, or control of Defendant.

4.    Defendant objects to the Requests, and the instructions and definitions therein, to the extent they seek information that is publicly available, already in Plaintiff's possession, custody, or control, and/or equally available to Defendant and Plaintiff.

5.    Defendant objects to the Requests, and the instructions and definitions therein, to the extent they seek information that is cumulative or duplicative of information sought by other Requests.

6.    Defendant objects to the Requests to the extent they seek documents relating to information or sales outside of New York City. Defendant will limit its responses and potential production of documents to information related to New York City, as appropriate.

7.    Defendant objects to the Requests, and the instructions and definitions therein, to the extent they are overbroad, unduly burdensome, vague, ambiguous, and/or oppressive (e.g., to the extent they are unbounded as to time and/or seek the disclosure of "all," "each," or "any" information without clarification or limitation).

8.    Defendant objects to the Requests, and the instructions and definitions therein, to the extent they seek information or disclosure of information that is the sensitive personal information or confidential information of, proprietary to, or the trade secret of, a Defendant, or a third party to whom Defendant owes a duty of confidentiality or is protected from disclosure by

2

agreements between a Defendant and third parties, or by court or administrative agency order, law, or regulation.  At minimum, Defendant will require the entry of a protective order prior to disclosing such information.

9.      Defendant objects to the Requests to the extent they purport to require Defendant to search for information not within Defendant's possession, custody, or control on the grounds that doing so would place an undue burden on Defendant.

10.      Defendant objects to the Requests on the grounds that they are ambiguous, overly broad, and unduly burdensome to the extent they seek information or documents for an unspecified or unlimited period of time, and to the extent they are undefined or unintelligible terms or phrases. Defendant will interpret any vague, ambiguous, or unintelligible terms or phrases used in the Requests as they are reasonably understood by Defendant.

11.      Defendant objects to each Request to the extent it seeks legal conclusions or opinions of law. Defendant further objects to each Request to the extent it requires Defendant to engage in legal or expert analysis and/or render expert opinions to respond at a time that is inconsistent with the procedural schedule in this matter.

12.      Any objection based on attorney-client privilege, work-product doctrine, and/or any other applicable exception, immunity, privilege, or protection shall not be construed as a representation that such information exists or existed. Any such objection indicates only that the Requests are of such scope as to embrace subject matter protected by the attorney-client privilege, work-product doctrine, and/or other applicable protection.

13.      Defendant objects to the Instructions in their entirety as overly broad, unduly burdensome, and as vague and ambiguous. For example, and without limitation, Defendant objects to Plaintiff's Instructions regarding the persons and entities to whom the Requests are addressed

3

to the extent they seek to impose any requirements greater than or different from the applicable rules. Defendant interprets these instructions only to the extent required by the applicable rules for purposes of responding to the Requests.

14.    Defendant objects to the Requests to the extent they seek information that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the case, considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

15.    Defendant reserves the right to supplement, amend, modify, clarify, and/or correct their responses to these Requests at any time, up to and including the time of trial or hearing.

16.    Defendant reserves the right to assert additional objections to these Requests as appropriate, to supplement objections and responses, and produce additional documents and/or information.

17.    A statement that Defendant will disclose or provide certain information or documents is not a representation that any such information or documents currently exist or existed in the past, or that Defendant possesses non-privileged documents or information responsive to the specific request. Rather, it means only that Defendant will disclose or provide such information or documents to the extent they currently exist, are in Defendant's possession, custody, or control, and can be located after a reasonably diligent search in locations in which they are likely to be found.

18.    The specific responses provided, as stated below, are subject to the foregoing general objections. Any specific objections stated in conjunction with specific responses are in addition to the general objections stated above.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**    *Documents sufficient to show all brands of e-cigarettes and/or vapor products sold by You.*

4

**RESPONSE NO. 1:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad as it is not limited to flavored e-cigarettes and/or vapor products, or products sold into New York City.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine the brands of flavored e-cigarettes sold by Midwest to customers in New York City, to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**    *All documents and communications showing any entity from which You have purchased e-cigarettes and/or vapor products.*

**RESPONSE NO. 2:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case to the extent it seeks "all documents and communications," is not limited to flavored e-cigarettes or vapor products, and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will produce responsive documents sufficient to determine the flavored e-cigarettes purchased by Midwest before being

sold to a customer in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 3:**    *All documents and communications concerning sales of e-cigarettes and/or vapor products to any entity in New York City by You.*

**RESPONSE NO. 3:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case to the extent it seeks "all documents and communications" and is not limited to flavored e-cigarettes or vapor products. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine Midwest's sales of flavored e-cigarettes to customers in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 4:**    *All documents and communications concerning sales of e-cigarettes and/or vapor products to any entity in New York State by You.*

**RESPONSE NO. 4:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome,

not relevant to any party's claims or defenses, and not proportional to the needs of the case to the extent it seeks "all documents and communications," is not limited to flavored e-cigarettes or vapor products, and is not limited to the City of New York. Midwest further objects to this Request as duplicative and cumulative. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine Midwest's sales of flavored e-cigarettes to any entity in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 5:**    *Documents and communications sufficient to show transactions of e-cigarettes and/or vapor products involving You and any other Defendant in this action.*

**RESPONSE NO. 5:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request overly broad and not relevant to any party's claims or defenses to the extent it is not limited to flavored e-cigarettes or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed

upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to show transactions of flavored e-cigarettes involving Midwest and any other Defendant to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 6:**    *Documents and communications sufficient to show transactions of e-cigarettes and/or vapor products involving You and each of the following entities:*

a.    *Magellan Technology, Inc.*

b.    *Ecto World, LLC d/b/a Demand Vape*

c.    *YLSN Distribution Inc. d/b/a Happy Distro*

d.    *Price Point Distributors Inc. d/b/a Price Point NY d/b/a Pricepointny.Com*

e.    *EnviroMD Group LLC*

f.    *GT Imports*

g.    *Kayla Wholesale, Inc., d/b/a The Vapery*

h.    *KLCC Wholesale Inc.*

i.    *Pioneer Distribution, Inc. a/k/a Wevapeusa.Com a/k/a Seller Supreme LLC*

j.    *RZ Smoke Inc.*

k.    *Star Zone Inc.*

l.    *Urban Smoke Distributors*

m.    *Vape More Inc. a/k/a More LLC*

n.    *Vape Plus Distribution Corp. a/k/a G&A Distribution*

**RESPONSE NO. 6:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and not relevant to any party's claims or defenses to the extent it is not limited to flavored e-cigarettes or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it is duplicative and cumulative. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to show transactions of flavored e-cigarettes involving Midwest and the identified entities to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**    *Documents and communications sufficient to show sales made by You of e-cigarettes and/or vapor products nationwide.*

**RESPONSE NO. 7:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and not relevant to any party's claims or defenses to the extent it is not limited to flavored e-cigarettes or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 8:**    *All New York State vapor product dealer's registration certificates, or other documents pertaining to Article 13-F of the NYS Public Health Law, received by You in connection with any transaction involving e-cigarettes and/or vapor products with any entity located in the State of New York.*

**RESPONSE NO. 8:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and vague and ambiguous as to the phrase "other documents pertaining to Article 13-F of the NYS Public Health Law," is not limited to flavored e-cigarettes or vapor products, and is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**    *All documents and communications regarding any Vapor Products Dealer Certificate obtained or attempted to be obtained by You pursuant to Tax Law § 1183, including copies of any Vapor Products Dealer Certificate, or other documents or communications demonstrating that You have been issued a Vapor Products Dealer Certificate or that You attempted to obtain a Vapor Products Dealer Certificate.*

**RESPONSE NO. 9:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications." Midwest further objects to this Request to the extent it seeks documents not relevant to any party's claims or defenses.

10

Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest has no such responsive documents.

**REQUEST FOR PRODUCTION NO. 10:** *Copies of Vapor Products Dealer Certificates issued pursuant to Tax Law § 1183 to each customer to which You ship or cause to be shipped vapor products, or other documents or communications sufficient to show that the customer has been issued a Vapor Products Dealer Certificate.*

**RESPONSE NO. 10:** Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such things and documents exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** *All documents and communications received by You from any federal agency, including but not limited to the federal Food and Drug Administration, the Bureau of Alcohol, Tobacco, Firearms & Explosives and the Tobacco Trade Bureau, regarding the e-cigarettes You possess, sell, distribute, or offer for sale.*

11

**RESPONSE NO. 11:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad to the extent it seeks "all documents and communications" and is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks documents not relevant to any party's claims or defenses. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents publicly available and equally available to all parties.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 12:**    *All documents and communications received by You from New York State regarding the e-cigarettes You possess, sell, distribute, or offer for sale.*

**RESPONSE NO. 12:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications," to the extent it is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden

12

or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:** *All documents and communications received by You from New York City regarding the e-cigarettes You possess, sell, distribute, or offer for sale.*

**RESPONSE NO. 13:** Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad to the extent it seeks "all documents and communications" and to the extent it is not limited to flavored e-cigarettes and/or vapor products. Midwest also objects to this Request as the documents sought are equally available to Plaintiff. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest further object to this Request to the extent it seeks documents already in the possession of the requesting party or equally available to all parties.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**    *Documents and communications sufficient to show payment of sales taxes on e-cigarettes sold by You.*

**RESPONSE NO. 14:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this request as overly broad to the extent it is not limited to flavored e-cigarettes and/or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest has no such responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**    *Documents and communications sufficient to show sales by You that are exempt from sales tax payments.*

**RESPONSE NO. 15:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad to the extent it is not limited to flavored e-cigarettes and/or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses..

14

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to show Midwest's sales to entities in New York City that are exempt from sales tax payment to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**     *Documents and communications sufficient to show payment of sales taxes on e-cigarettes sold by Your customers.*

**RESPONSE NO. 16:**     Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this request as overly broad to the extent it is not limited to flavored e-cigarettes and/or vapor products, is not limited to the City of New York, and seeks documents not in the possession, custody, or control of Midwest. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**     *Documents and communications sufficient to show the steps taken by You to ensure that Your customers pay sales taxes.*

**RESPONSE NO. 17:**     Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this request as overly broad, not relevant to any party's claims or defenses, is not limited to the flavored e-cigarettes and/or vapor products, is not

limited to the City of New York, and to the extent it assumes Midwest has a duty or obligation to ensure its customers pay sales taxes. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**   *All documents showing the labelling on packages sold by You to any person in New York City, including any labelling stating that the package contains vapor products.*

**RESPONSE NO. 18:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" and is not limited to flavored e-cigarettes and/or vapor products.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

16

**REQUEST FOR PRODUCTION NO. 19:**   *Documents and communications sufficient to show Your internal policies or procedures regarding the packaging requirements for Your shipments of vapor products.*

**RESPONSE NO. 19:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as vague and ambiguous as to the term/phrase "packaging requirements," is not limited to the flavored e-cigarettes and/or vapor products and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**   *All documents evidencing the weight of packages sold by You containing vapor products to any person in New York City.*

**RESPONSE NO. 20:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" and is not limited to flavored e-cigarettes and/or vapor products.

17

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**   *All documents and communications with foreign manufacturers of e-cigarettes and/or vapor products involving manufacturing, sales, or importation of e-cigarettes and/or vapor products.*

**RESPONSE NO. 21:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents and communications," is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York. Midwest further objects to this Request to the extent it seeks production of electronic mail or other forms of electronic correspondence on the grounds that such information is not reasonably accessible in view of the undue burden or cost imposed upon Defendant and/or because the burden or expense of such discovery outweighs its limited relevance and benefit considering the needs of the case and the party's claims and defenses. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation. Midwest further objects to this Request to the extent it is duplicative and cumulative.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 22:**   *Documents showing ownership of Defendants by any person.*

**RESPONSE NO. 22:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as not relevant to any party's claims or defenses.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 23:**    *Documents showing any ownership interest by Defendants in any entity importing, selling, manufacturing, or distributing e-cigarettes and/or vapor products.*

**RESPONSE NO. 23:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and not relevant to any party's claims or defenses.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

**REQUEST FOR PRODUCTION NO. 24:**    *All documents evidencing shipments by You or to You of e-cigarettes using the United States Postal Service.*

**RESPONSE NO. 24:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents," is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine the methods of shipping used by Midwest for

19

shipments to persons or entities in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**    *All documents evidencing shipments by You or to You of e-cigarettes using FedEx and/or UPS.*

**RESPONSE NO. 25:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents," is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine the methods of shipping used by Midwest for shipments to persons or entities in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**    *All documents evidencing shipments by You or to You of e-cigarettes using any common carrier or private delivery service, including but not limited to using vehicles owned by you.*

**RESPONSE NO. 26:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents," is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine the methods of shipping used by Midwest for

shipments to persons or entities in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 27:**   *All documents evidencing Your receipt of orders by telephone, internet or mail.*

**RESPONSE NO. 27:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents," is not limited to flavored e-cigarettes and/or vapor products, and is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to show orders received by Midwest by telephone, internet, or mail from customers in New York City to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search. .

**REQUEST FOR PRODUCTION NO. 28:**   *All documents related to any internet website owned or operated by You.*

**RESPONSE NO. 28:**   Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents."

Subject to and without waiving such objections, Midwest will produce responsive, non-privileged documents sufficient to determine any internet website owned or operated by Midwest to the extent such documents or things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

21

**REQUEST FOR PRODUCTION NO. 29:**    *All documents produced by You to the New York State Attorney General.*

**RESPONSE NO. 29:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad and not relevant to any party's claims or defenses as it is not limited to the City of New York.

Subject to and without waiving such objections, Midwest will produce responsive, non-privilege documents to the extent such documents and things exist, are within Midwest's possession, custody, or control, and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**    *All documents concerning federal, state, or local enforcement actions concerning e-cigarettes.*

**RESPONSE NO. 30:**    Midwest objects to this Request for the reasons set forth in the General Objections. Midwest further objects to this Request as overly broad, not proportional to the needs of the case, and not relevant to any party's claims or defenses to the extent it seeks "all documents," is not limited to the flavored e-cigarettes and/or vapor products, is not limited to the City of New York, and is not limited to any federal, state, or local enforcement action involving or against Midwest. Midwest also objects to this Request to the extent it seeks documents and/or information subject to the attorney-client privilege, attorney work-product doctrine, or prepared in anticipation of litigation.

Subject to and without waiving such objections, Midwest will meet and confer on this Request.

Respectfully submitted,

THOMPSON HINE LLP

Dated: December 22, 2025

By: /s/ Eric N. Heyer

Eric N. Heyer (admitted pro hac vice)
Joseph A. Smith (admitted pro hac vice)
Ryan D. Callinan
1919 M Street, N.W., Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
ryan.callinan@thompsonhine.com

*Counsel for Defendant
Midwest Goods Inc. (d/b/a Midwest
Distribution Illinois)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2025, I served the forgoing Responses to Plaintiff's

Requests for Production of Documents via email upon the following counsel of record:

Eric Proshansky, Esquire
Aatif Iqbal, Esquire
Elizabeth M. Slater, Esquire
New York City Law Department
100 Church Street, Room 3-212
New York, New York 10007
aiqbal@law.nyc.gov
kfriedri@law.nyc.gov
eproshan@law.nyc.gov
*Attorneys for Plaintiff City of New York*

/s/ Eric N. Heyer
Eric N. Heyer