

February 25, 2026

CORP. COUNSEL CITY OF NEW YORK
Attn. Eric Proshansky
100 Church Street Rm 3-216
New York, NY 10007

     **Re:**    *City of New York v. Puff Bar, et al.*; Civil Action No. 25-cv-02850-MMG
              Objections to City's Notice of Deposition

Counsel:

We write regarding the City's Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) seeking the deposition of Safa's corporate representative, Haitham Shriteh, on March 26, 2026, for an in-person deposition in New York, New York (the "Notice").

As an initial matter, Safa has no objection in principle to producing a corporate representative for a properly noticed and appropriately cabined Rule 30(b)(6) deposition. Safa will make Mr. Shriteh available to testify on behalf of Safa on a mutually convenient date. However, the City's Notice, as served, is defective and substantially overbroad. Safa objects to (1) the unilaterally selected date and in-person New York location, and (2) numerous topics that seek irrelevant, non-proportional, and/or uncabined discovery far beyond any New York City nexus.

1. Date and location are not reasonable.

The City noticed an in-person deposition in New York on March 26, 2026, without confirming witness availability. That date is not workable for Mr. Shriteh. More fundamentally, the City has no basis to insist that a nonresident witness travel to New York for an in-person deposition as a default, particularly where remote video-conference deposition is readily available and routinely used.

Safa's position is straightforward: the deposition should proceed either (a) remotely by videoconference pursuant to Rule 30(b)(4), or (b) in the district where the witness resides/works.

PETERS BROVNER LLP.

ADDRESS
PHONE
EMAIL
WEBSITE

139 Fulton St. Suite 132, NYC 10038
917-639-3270
mpeters@petersbrovner.com
lbrovner@petersbrovner.com
petersbrovner.com

Please withdraw the March 26 in-person New York setting and propose dates for a remote deposition, or, alternatively, dates for an in-person deposition in Florida.

2.  The noticed topics are overbroad, not described with reasonable particularity, and not proportional.

Rule 30(b)(6) is not a license to notice sweeping topics untethered to the claims and defenses. Topics must be described with reasonable particularity and must seek information that is relevant and proportional to the needs of the case. *In re Lifetrade Litig. v. Wells Fargo*, No. 17-cv-2987 (JPO) (KHP), Order (S.D.N.Y. May 4, 2023); *Winfield v. City of New York*,  2018 WL 840085, *5 (S.D.N.Y. Feb. 12, 2018).The City's Notice violates those requirements in multiple respects, including by demanding wide-ranging "upstream" supply chain information, nationwide financial information, and expansive communications topics that lack discernible boundaries (including "communications and transactions" with numerous entities and "any owner, employee or agent thereof").

Safa will not prepare a witness to testify on topics that are irrelevant, disproportionate, and outside any cognizable New York City nexus. Safa's position is that the appropriate scope for any 30(b)(6) testimony in this action is limited to Safa's sales, shipments, and related processes concerning sales into New York City during the relevant period (and any policies/procedures directly bearing on those New York City transactions). The City's attempt to expand Rule 30(b)(6) into a broad audit of Safa's nationwide business and upstream procurement is improper.

Subject to and without waiving these objections, Safa's topic-specific positions are as follows:

Topic 1 (NYC sales): Safa will provide Rule 30(b)(6) testimony regarding Safa's systems and processes for receiving and fulfilling orders into New York City during the relevant period, the categories of NYC customers, the categories of products sold into NYC, and high-level practices relating to recordkeeping for NYC transactions.

However, the City must narrow Topic 1 in several respects. For example:

- Subtopic 1(f) improperly demands shipment-by-shipment details (weight and labeling for "each shipment"). If the City contends such granular data is relevant, it should pursue that through appropriately targeted document discovery. Safa will not prepare a witness to testify transaction-by-transaction about "each shipment." Safa will testify, if properly noticed, about general practices relating to packing, labeling, and carriers for NYC shipments.
- Subtopic 1(h) is overbroad to the extent it seeks profits or profit margins. At most, any financial testimony should be limited to NYC-specific gross sales/revenue figures for the relevant period (and even then, only to the extent actually relevant to the City's claims and proportional to the needs of the case). Consistent with SDNY practice, the City's demand for 'income' and 'profits' is overbroad and seeks competitively sensitive information without a showing of need. Where financial information is appropriate at all, courts permit discovery of sales/price information without requiring 'profit margins or

other indicia of profitability.'" *Dynacore Holdings Corp. v. U.S. Philips Corp.*, No. 01 Civ. 10798 (LTS) (GWG), 2002 WL 31233246, at *3 (S.D.N.Y. Oct. 4, 2002).

- Subtopic 1(i) (age verification "for each sale") is inapposite and overbroad where Safa's NYC sales were not direct-to-consumer. The City must either withdraw this subtopic or narrowly tailor it to any genuinely applicable processes (if any) tied to NYC transactions.

Topic 2 (purchases / upstream supply chain): Safa objects in full. The City's demands for "all entities from which [Safa] purchased," "all items purchased," inbound shipping/delivery into Safa, and Safa's purchase/inventory systems are classic upstream procurement and supplier-relationship discovery that is untethered to the conduct actually at issue—i.e., what Safa sold and shipped into New York City. Rule 30(b)(6) is constrained by Rule 26(b)(1): deposition topics must be tied to the claims and defenses and proportional to the needs of the case, and they must be described with reasonable particularity, so they have "discernible boundaries." See *In re Lifetrade Litig.,* No. 17-CV-2987 (JPO) (KHP), ECF No. 1048, at 3–5 (S.D.N.Y. May 4, 2023) (explaining that 30(b)(6) topics must be relevant and proportional under Rule 26 and have "discernible boundaries," and granting a protective order where a topic was "not focused on the claims" and therefore "not relevant or proportional"); *Winfield v. City of New York*, No. 15-CV-5236, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018). Consistent with these limiting principles, SDNY courts reject "all-products / all-suppliers" fishing expeditions that seek broad manufacturer/supplier contracting and correspondence without a claim-specific showing of relevance and need. See *Sound Around, Inc. v. Friedman*, No. 24-CV-1986 (DLC) (KHP), ECF No. 255, at 16–19 (S.D.N.Y. Sept. 8, 2025) (denying motion to compel seeking, for ~700 products, sample listings, "terms of the agreement with the manufacturer," prices paid, and manufacturer correspondence where the movant had not "homed in on any particular products, manufacturers or opportunities" and therefore "failed to demonstrate a basis" for the requested upstream discovery).

This topic also seeks highly sensitive vendor/supply information. The City is not entitled to use Rule 30(b)(6) to explore Safa's entire upstream supply chain where the only alleged conduct at issue is downstream sales/shipment into New York City.

Topic 3 (overall finances / nationwide): Safa objects in full. The City's Topic 3 seeks Safa's nationwide "overall finances since March 2021," including "total annual gross revenue for all sales in the United States," "income, profits, and/or profit margins," and allocations by product type. That is not discovery tied to any NYC-specific claim or defense; it is an attempt to audit Safa's nationwide business. Rule 26(b)(1) limits discovery to matters relevant to the claims and defenses and proportional to the needs of the case, and Rule 26(b)(2)(C) requires the Court to limit discovery where the burden or expense outweighs the likely benefit. Cronas v. Willis Grp. Holdings Ltd., No. 06 Civ. 15295 (GEL), 2008 WL 4548861, at *1–2 (S.D.N.Y. Oct. 8, 2008) (rejecting nationwide discovery where plaintiffs failed to show relevance; explaining that "the only purpose" of nationwide discovery would be to search for other potential claims—"the proverbial 'fishing expedition,' not an appropriate use of discovery"). The City's Topic 3 is the same kind of overreach: it seeks nationwide revenue and profit information untethered to NYC transactions. Any financial testimony must be limited to NYC-nexus information (if relevant), not nationwide metrics.

Topic 4 (communications/transactions with listed entities): Safa objects as overbroad and lacking reasonable boundaries. As drafted, this topic is not limited by time, subject matter, or NYC nexus, and it extends to communications with "any owner, employee or agent" of each entity— an unbounded and unreasonable request. If the City wants Rule 30(b)(6) testimony here, it must be narrowly limited to communications and transactions with these entities that relate to sales/shipments into New York City during the relevant period.

Topic 5 (communications/transactions with other defendants): Safa objects in full. As drafted, this topic is unlimited and plainly seeks discovery outside the City's claims and defenses, and it risks intruding on privileged communications (including common-interest/joint-defense communications). The City is not entitled to a Rule 30(b)(6) deposition on defendants' inter-defendant communications.

3.   Meet-and-confer; request for withdrawal and a narrowed amended notice.

Given the above, Safa demands that the City (a) withdraw the March 26 in-person New York deposition setting, and (b) serve an amended Rule 30(b)(6) notice that is limited to topics with a New York City nexus and described with reasonable particularity. We are available to meet and confer promptly.

Respectfully,

/s/ *Madison A. Kucker*

Madison A. Kucker
Lesley Brovner
Mark G. Peters
PETERS BROVNER LLP
*Counsel for Safa Good, LLC*

4