

ATLANTA  |  CHICAGO  |  CINCINNATI  |  CLEVELAND
COLUMBUS  |  DAYTON  |  LOS ANGELES  |  MINNEAPOLIS
NEW YORK  |  SILICON VALLEY  |  WASHINGTON, D.C.

April 13, 2026                                                                                    *Via ECF*

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re:  *City of New York v. Puff Bar, et al.*, Case No. 25-CV-02850 (MMG)

Dear Judge Garnett:

   The undersigned represent Defendants Midwest Goods, Inc., 10 Days, Inc., Safa Goods LLC, and SV3 LLC and submit this opposition to the City's Letter Motion dated April 2, 2026 (ECF No. 83) on behalf of all Defendants.[1]

   The City seeks permission to move for extraordinary relief: an order compelling, within two weeks, sweeping categories of discovery, including all electronic communications, broad upstream documents extending beyond New York City (and, indeed, New York State), nationwide gross sales information, and blanket cross-Defendant sharing of all discovery produced. The City's proposed motion would neither be targeted nor result in the production of relevant, proportional discovery. Defendants are not objecting wholesale to producing *relevant* documents or communications. Rather, Defendants object to the City's effort to compel any and all documents and communications on a nationwide basis in a New York City case, without any meaningful limitation tied to New York City.

   Rule 26 limits discovery to matters that are both relevant to the claims and defenses at issue and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Torgovnick v. SoulCycle Inc.*, No. 17-cv-1782, 2018 U.S. LEXIS 184932, *6 (S.D.N.Y. Oct. 29, 2018) ("The movant must be able to show relevance and that the disclosure demand is proportionate to the needs of the case."); *Robertson v. People Magazine*, No. 14-cv-6759, 2015 U.S. Dist. LEXIS 168525, *5 (S.D.N.Y. Dec. 16, 2015) (finding discovery requests not proportional to the needs of the case where plaintiff sought "nearly unlimited access" to defendant's files). This is a City enforcement action, not a nationwide federal action and not even a statewide action by the State of New York. The City cannot sidestep Rule 26's limits by invoking labels such as "public nuisance" and "epidemic" as a basis for effectively unlimited discovery. Defendants submit that the City is not entitled to compel nationwide discovery from each Defendant regardless of role, geography, or nexus to New York City.

---

[1] Because Defendants are collectively submitting a single response, they have required just over one additional page beyond the Court's three-page limit to fully address all issues raised in the City's four-page motion and forty-eight pages of attachments.

Anna.Stressenger@ThompsonHine.com   Fax: 310.998.9109   Phone: 202.973.2779

THOMPSON HINE LLP
ATTORNEYS AT LAW

2049 Century Park East, Suite 3500
Los Angeles, California 90067

www.ThompsonHine.com
O: 310.998.9100



Hon. Margaret M. Garnett
April 13, 2026
Page 2

**1.       The City Seeks Facially Overbroad Discovery Untethered to Any Meaningful New York City Nexus.** The City's principal premise—that its allegations of "illegal" actions in New York City somehow entitle it to nationwide discovery—seeks to prove far too much. Whatever the City's legal theories may be, this remains a New York City enforcement action. The issue is not whether the Complaint uses broad language concerning creation and control of a "market and its supply"[2] but whether the City is entitled to discovery into Defendants' operations, supplier relationships, and business practices that lack any concrete nexus to New York City. The City is not so entitled.

Defendants play different roles in the marketplace—some are brand owners, some are distributors, and some occupy other positions in the chain of commerce. Most Defendants are not located in New York City and sales into New York City account for only a very small fraction of their overall business. And some Defendants sell to nationwide or regional distributors or wholesalers that happen to be located in New York City but make no sales to retailers or end users (in New York City, New York State, or anywhere in the nation). Yet the City has made no effort to tailor its demands to any particular Defendant's actual role, business model, or alleged New York City conduct. Instead, the City seeks from all Defendants the same sweeping categories of nationwide discovery, including any and all materials, documents, and communications concerning distribution networks, supply-chain relationships, marketing practices, profits, competition, grievances, and communications with manufacturers, importers, customs brokers, trademark holders, carriers, and other distributors, with no limiting principle. By way of example, a sale by one Defendant from another state to another Defendant (or non-party) also in another state has no nexus to New York City whatsoever, yet the City demands broad swaths of discovery regarding exactly such transactions. *See*, *e.g.*, RFPs Nos. 2, 7, 14, 15, 16, 17, 21, 24, 25, 26, 27, and 30.

And this overbreadth is not limited merely to documents regarding non-New York City sales transactions. The City also seeks any and all[3] "communications with customers, suppliers delivery carriers, and regulatory agencies" regardless of location, any and all "documents related to suppliers and sales, delivery, and marketing practices *that extend beyond New York City and State*," and other similarly boundless categories of documents. New York district courts have repeatedly held that requests for "any and all documents and communications" concerning broad subject matters are facially improper. *See*, *e.g.*, *6340 NB LLC v. Capital One, N.A.*, No. 20-cv-2500, 2022 U.S. Dist. LEXIS 163127, *11 (E.D.N.Y. Sept. 9, 2022) (denying motion to compel "'any' or 'all' 'communications and documents' 'concerning' any branch closing" as "overbroad and unduly burdensome in that they make no limit to the request to the relevant acts alleged in

---

[2] This is not an antitrust or civil RICO lawsuit.

[3] *See* the City's first set of document requests definitions and instructions at ECF 83-1 at pp. 1 and 4.



Hon. Margaret M. Garnett
April 13, 2026
Page 3

th[e] action"); *Agerbrink v. Model Srv. LLC*, No. 14-cv-7841, 2017 U.S. Dist. LEXIS 33249, *6 (S.D.N.Y. March 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper."); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-cv-1608, 2010 WL 1327921, at *11 (S.D.N.Y. Apr. 5, 2010) ("As they stand, the plaintiffs' requests are grossly overbroad, and I decline to rewrite them.").

The City's requests, as framed, sweep in essentially all documents relating to the e-cigarette business generally, rather than documents tailored to the claims (and geography) actually at issue in this case. But "the days of $100 discovery for $10 cases are over." *Torgovnick*, 2018 U.S. Dist. LEXIS at *6. For example, in *Capital One*, the court declined to compel discovery that "would require Capital One to broadly search nearly 4 million documents for any bank closure, for any reason, across 9 States and would undoubtedly result in severely overinclusive results." *Capital One*, 2022 U.S. Dist. LEXIS at *11. The same is true here. The City asks this Court to compel Defendants to broadly search millions of documents across all fifty states for communications concerning, *inter alia*, distribution networks and supply-chain relationships. Without any "specificity to the requests" and "no effort to limit [them] to any relevant acts alleged in this action[,]" this Court should find that they are "vague, overly broad, and unduly burdensome" and deny the City's motion to compel. *Kennedy v. Cont. Pharmacal Corp.*, No. CV-12-2664 JFB ETB, 2013 U.S. Dist. LEXIS 67839, *4 (E.D.N.Y. May 13, 2013).

**2.      The Absence of Hit Counts or Final Search Terms Does Not Justify Blanket Relief.** The City also faults Defendants for not yet supplying hit counts or finalized search terms. But that criticism ignores the fundamental problem: the requests are so broad that any such exercise, at this stage, would be pointless and misleading. One cannot run a meaningful search for "all communications" and "all documents" nationwide concerning e-cigarettes, flavored vape products, upstream relationships, marketing, etc. without capturing enormous swaths of nonresponsive business records. That is particularly so where the City has refused to materially narrow its demands despite repeated meet-and-confers.

Courts in this District have emphasized that ESI search terms "must be carefully crafted," and that the collection, review, and production of ESI requires "cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI." *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009); *see also Winfield v. City of New York*, No. 15-cv-5236, 2017 WL 5664852, at *7 (S.D.N.Y. Nov. 27, 2017) (same); *United States v. Dobco Inc.*, 2023 U.S. Dist. LEXIS 145926, *13 (S.D.N.Y. Aug. 17, 2023) ("It is standard practice for the negotiation of search protocols to be an iterative process that allows the parties to narrowly tailor search terms."). Here, Defendants repeatedly met and conferred to try to obtain reasonable limits on the City's requests. The City would not yield in any meaningful way. Under those circumstances, the absence of hit counts does not show recalcitrance; it reflects that the requests remain facially overbroad and untethered to proper discovery boundaries.



Hon. Margaret M. Garnett
April 13, 2026
Page 4

**3.      The City Is Not Entitled to Nationwide Gross Sales Discovery or Blanket Cross-Defendant Sharing.** The City's demand for "total annual gross revenue for all sales in the United States" also goes far beyond what is relevant and proportional in a New York City case. Defendants have consistently taken the position that any financial discovery should be limited, at most, to New York City-specific gross sales or revenue figures for the relevant period. The City has not shown why nationwide gross sales data is necessary to prove claims arising from alleged New York City harm. For example, the City's claim that "Defendants' gross sales numbers are particularly relevant to public nuisance, in the form of revealing their shares of the national market, and the share of each Defendant's sales into New York City" makes no sense. The City offers no rationale for how Defendants' national market share, or the percentage that Defendants' sales in New York City make up of their total volume of national (and in some cases, international) sales, is relevant to the City's public nuisance claim. Accordingly, this Court should not compel nationwide gross-sales discovery before resolving, or at least giving guidance on, the pending threshold issue concerning the meaning of "gross sales" under the PACT Act.

The City's request to compel Defendants to produce discovery to each other should likewise be denied. The Protective Order addresses confidentiality designations; it does not require one Defendant to turn over all its discovery to every co-Defendant. To the extent the City believes particular categories of materials genuinely must be shared more broadly for a concrete litigation purpose, Defendants do not object in principle to targeted sharing subject to appropriate confidentiality designations. But blanket cross-defendant sharing, especially where documents contain trade secret or competitively sensitive material, is unnecessary and unduly burdensome.

**4.      The Parties Are at Impasse and the Court Should Define the Proper Scope of Discovery.** Defendants agree that the parties are at an impasse. Additional meet-and-confer sessions will not resolve this dispute because the disagreement is not about a minor issue concerning search syntax or a handful of custodians. It is about the permissible scope of discovery itself. The City seeks nationwide, upstream, open-ended discovery with no meaningful New York City limitation; Defendants maintain that such discovery is overbroad, unduly burdensome, and disproportionate in a New York City enforcement action. Accordingly, the appropriate course is not to overrule objections wholesale and compel nationwide production in two weeks. Rather, Defendants respectfully submit that the Court should now define the permissible parameters of discovery. *See Griffin v. Inc. Vill. Of Rockville Ctr.*, No. 14-CV-4491, 2020 U.S. Dist. LEXIS 368, **5-6 (E.D.N.Y. Jan. 2, 2020) (discussing factors courts weigh to confine the scope of permissible discovery). At a minimum, any compelled discovery should be limited to materials with a concrete nexus to New York City, including New York City-facing sales and shipments, New York City-directed marketing, New York City complaints or regulatory communications, and non-custodial policies or agreements that bear on New York City conduct. Any broader custodial ESI process should proceed only after those limits are set.



Hon. Margaret M. Garnett
April 13, 2026
Page 5

Defendants do not oppose the City's request for a 45-day extension of the current schedule. On the contrary, Defendants respectfully submit that such an extension is reasonable in light of the present posture of discovery. Until the scope of permissible discovery is defined, the parties cannot meaningfully proceed with custodial searches because running searches against the City's current, overbroad requests would predictably generate extraordinarily high volumes of documents at extraordinary costs, much of which would be irrelevant and unproductive to review. A modest extension is therefore appropriate, but the more important threshold issue remains the need for the Court to define the proper scope of discovery under Rule 26(b)(1).

For all of these reasons, Defendants respectfully request that the Court deny the City's motion to overrule objections wholesale and compel nationwide production, deny the City's request to compel blanket cross-Defendant sharing and wholesale re-production of investigatory materials, define the appropriate parameters of permissible discovery consistent with Rule 26(b)(1), and grant the City's request for a 45-day extension of the schedule

Respectfully submitted,

*/s/ Eric N. Heyer*
Eric N. Heyer
Joseph A. Smith
Ryan D. Callinan
THOMPSON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
T: 202-331-8800
F: 202-331-8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
ryan.callinan@thompsonhine.com

*Counsel for Midwest Goods, Inc. d/b/a Midwest Distribution Illinois, 10 Days, Inc. d/b/a Pod Juice, Safa Goods LLC, and SV3 LLC.*

*And on behalf of all other Defendants.*