# Buchanan Ingersoll & Rooney PC

Christopher J. Dalton
973-424-5614
christopher.dalton@bipc.com

550 Broad Street, Suite 810
Newark, New Jersey 07102

T 973-273-9800
F 973-273-9430
www.bipc.com

May 3, 2026

**Via ECF**
Hon. Margaret M. Gannon, U.S.D.J.
United States District Court
For the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   The City of New York v. Puff Bar et al
Case No. 1:25-cv-2850 (MMG)
*Motion to Withdraw as Counsel*

Dear Judge Gannon:

Buchanan Ingersoll & Rooney PC (Buchanan) represents Defendants MYLÉ Vape Inc. and MVH I, Inc. (MYLÉ) in this matter. We ask that you accept this letter in lieu of a more formal submission in support of counsel's application to withdraw.

As set forth in my accompanying declaration, MYLÉ engaged Buchanan March 2025. Buchanan commenced work on this matter, filing our Notice of Appearance on April 1, 2025 (DE 33). Buchanan has represented MYLÉ since that time. However, professional considerations have arisen between Buchanan and MYLÉ which require termination of the representation and withdrawal from the pending matter.

Motions for leave to withdraw as counsel are governed by Local Civil Rule 1.4(b), which provides:

Attorney withdrawals. Except where an attorney has filed a notice of limited-

Hon. Margaret M. Gannon, U.S.D.J.
May 3, 2026
Page - 2 -

> scope appearance as set forth in subsection (c), an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. While a motion to withdraw is required whenever an attorney seeks to be relieved, an affidavit is unnecessary if (1) another attorney from the same firm, agency, or organization has already entered a notice of appearance on behalf of the client and will remain in the case or (2) upon substitution of counsel by stipulation, if the stipulation is also signed by the client and, at the time of substitution, the new attorney does not intend to seek modification of any existing deadlines or dates for court appearances in the case.

"Whether to grant a motion to withdraw falls to the sound discretion of the trial court, which must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *FRHUEB, Inc. v. Abdala*, No. 21-CV-07395 (MMG), 2025 WL 2939094, at *1 (S.D.N.Y. Oct. 16, 2025). Buchanan submits that both factors favor granting its motion to withdraw.

As set forth in my accompanying declaration, professional considerations have arisen between Buchanan and MYLÉ which require termination of the representation and withdrawal from the pending matter. Buchanan has attempted to resolve with MYLÉ the issues which have arisen, to no avail. Courts in this District have permitted withdrawal in similar circumstances. *See Russo v. Costco Wholesale Corp.*, No. 22-CV-3130 (VR), 2025 WL 2393533, at *2 (S.D.N.J. July 30, 2025) (granting motion to withdraw due to "irreconcilable differences, material differences on tactics and strategy, and a material breakdown in the attorney-client relationship"); *Crescit Mortg. Cap., LLC v. Emerald Bay Apartments, LLC*, No. 22-CV-10263 (DEH), 2024 WL 5710647, at *1 (S.D.N.Y. Apr. 25, 2024) ("Satisfactory reasons [to withdraw] include failure to pay legal fees, a client's lack of cooperation-including lack of communication

Hon. Margaret M. Gannon, U.S.D.J.
May 3, 2026
Page - 3 -

with counsel, and the existence of an irreconcilable conflict between attorney and client.")

(citation omitted); *Lombardo v. JPMorgan Chase Bank, N.A.,* No. 20-CV-6813 (VB), 2024 WL

4707937 (S.D.N.Y. Nov. 7, 2024) (deteriorated relationship and irreconcilable differences

supported withdrawal).

Likewise, withdrawal will not adversely affect the procedural posture of this case, where

written discovery is ongoing, the parties and the Court are working through issues relating to the

scope of discovery, and depositions have not yet begun. *See*, *Russo,* 2025 WL 2393533, at *2 (no

prejudice where proposed trial date was approximately 7 months away); *Ameruso v. City of New

York*, No. 15-CV-03381 (RA) (BCM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016)

("Where, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of

counsel is unlikely to cause undue prejudice").[1]

For these reasons, we respectfully request that the Court permit Buchanan to withdraw

and allow MYLÉ to retain new counsel.

Respectfully submitted,

*s/ Christopher J. Dalton*

Christopher J. Dalton

CJD/

---

[1] Buchanan will not seek a charging lien.