USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 11, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X

                  :

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA  :
JAMES, Attorney General of the State of New York,     :

                  :

         Plaintiff,            :         25-CV-01445 (MMG)

                  :

       -v-               :

                  :

PUFF BAR, et al.,             :

                  :

         Defendants.        :

                  :

------------------------------------------------------------------------ :

                  :

 THE CITY OF NEW YORK,        :

                  :

         Plaintiff,           :

                  :         25-CV-02850 (MMG)

       -v-               :

                  :

PUFF BAR, et al.,             :         <u>ORDER</u>

                  :

         Defendants.        :

                    X

----------------------------------------------------------------------------

MARGARET M. GARNETT, United States District Judge:

       Christopher J. Dalton of Buchanan Ingersoll & Rooney PC ("Buchanan") has moved to withdraw as counsel of record for Defendants MYLÉ Vape Inc. and MVH I, Inc. ("MYLE Defendants") in the two above-captioned cases. *See* 25-CV-01445, Dkt. No. 165; 25-CV-02850, Dkt. No. 94. For the following reasons, the motion is GRANTED.

## BACKGROUND

       In his original May 3, 2026 Motion, Mr. Dalton cited "professional considerations" implicating Rules of Professional Conduct 1.2, 1.5, and 1.16(a), but otherwise provided insufficient information for this Court to rule on his Motion. *See* 25-CV-01445, Dkt. Nos. 165-1,

165-2; 25-CV-02850, Dkt. Nos. 94-1, 94-2.  On May 5, 2026, the State Plaintiff filed a letter of non-consent, noting that they did not have sufficient information to oppose the motion but also that any delay would likely prejudice Plaintiff.  25-CV-01445, Dkt. No. 166.

On May 5, 2026, this Court ordered Mr. Dalton to submit a supplemental affirmation setting forth the specific reasons underlying his Motion.  25-CV-01445, Dkt. No. 167; 25-CV-02850, Dkt. No. 95.  The Court further ordered the MYLÉ Defendants to file any opposition to their Counsel's withdrawal by May 28, 2026.  *Id.*

On May 13, 2026, Mr. Dalton submitted a further declaration, *in camera*, setting forth the specific reasons for his motion.  *See* 25-CV-01445, Dkt. No. 173; 25-CV-02850, Dkt. No. 104. The MYLÉ Defendants did not file any opposition to the motion.

## DISCUSSION

Rule 1.4 of the Local Civil Rules of this Court permits a court to relieve counsel of their representation of a client "following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case."  In considering a motion to withdraw, courts "analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  *Karimian v. Time Equities, Inc.*, No. 10-CV-03773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).[1]

Having reviewed Mr. Dalton's *in camera* submission, the Court finds that the balance of factors here favors permitting withdrawal of Buchanan.  Although the cases are in the midst of discovery, Mr. Dalton's *in camera* submission makes clear that new counsel may be more effective at facilitating discovery, ameliorating possible prejudice to the Plaintiffs from any

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

potential delay.  The Court further agrees with Mr. Dalton, based on his *in camera* submission, that the nature of his relationship with his clients as it stands implicates the Rules of Professional Conduct and thus the Court cannot require Mr. Dalton or Buchanan to continue a representation that risks subjecting them to professional discipline.

### CONCLUSION

For the reasons set forth above, the motion for Christopher J. Dalton and the Buchanan firm to withdraw as counsel is GRANTED, except that he is ORDERED to provide the MYLÉ Defendants with a copy of this Order and to facilitate a smooth transition to new counsel to the greatest extent feasible.  The MYLÉ Defendants are ORDERED to obtain new counsel by **July 7, 2026**.  By no later than **July 14, 2026**, the MYLÉ Defendants' new counsel must file a notice of appearance in this case.  The MYLÉ Defendants are reminded that they are still expected to meet all discovery deadlines.

SO ORDERED.

Dated: June 11, 2026
      New York, New York

_____
          MARGARET M. GARNETT
          United States District Judge