

**Office of the New York**
**Attorney General**

**Letitia James**
**Attorney General**

July 13, 2026

**<u>VIA ECF</u>**
Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

     Re:    *The People of the State of New York v. Puff Bar, et al.,*
             Case No. 25-CV-01445 (MMG)

             *The City of New York v. Puff Bar et al.,* Case No.
             1:25-cv-2850 (MMG)

Dear Judge Garnett:

    This Office represents Plaintiff the People of the State of New York (the "State"), and submits this letter in compliance with this Court's Order, dated July 6, 2026 (ECF No. 196), directing the parties to file on ECF a joint letter concerning (1) whether the parties have contacted or plan to contact Judge Figueredo to reschedule the respective settlement conferences; and (2) proposing a realistic timeline for concluding outstanding fact discovery.[1] The State respectfully submits this letter together with the City and all Defendants.

    1.   ***Statement on Settlement Conferences***

<u>Plaintiffs' position:</u>

    The State and City believe it is in the interest of all parties to reconnect with Judge Figueredo to explore the possibility of settlement. Given the Court's most recent determination about the legal interpretation of the penalty provision of the PACT Act, the State and City believe discovery concerning those nationwide sales are a necessary predicate to be able to resume those conferences with Judge Figueredo.  Accordingly, while the State and City are committed to rescheduling the settlement conferences, the timing should be in line with Defendants' production of all discovery relevant to the calculation of the PACT Act and Public Health Law penalties that have previously been withheld, including but not limited to all information concerning Defendants' nationwide

---

[1] The Court reminded the parties that the proposed schedule "will not be further extended absent extraordinary circumstances that could not have been anticipated as of July 13."  ECF No. 196.

Executive Division | 28 Liberty Street | New York NY 1005
212-416-6046 | ag.ny.gov

Hon. Margaret M. Garnett
Page 2 of 10

sales and other discovery that has been withheld because of Defendants' "no New York nexus" objection.

Defendant's position:

Defendants agree that it is in the interest of all parties to reconnect with Judge Figueredo to reschedule the settlement conference in these matters. Defendants are in the process of seeking further clarification from (and conferring with, as necessary) Plaintiffs regarding the specific document requests and interrogatories to which Defendants have objected for which Plaintiffs believe responses and/or production are required to advance settlement discussions.

Defendants understand the Court's PACT Act ruling to concern the interpretation of the maximum statutory penalty provision, including that the 2% penalty is calculated by reference to nationwide gross sales. Defendants do not understand that ruling to require wholesale production of every nationwide sales-related document, invoice, purchase order, bill of lading, or similar transaction-level record, regardless of relevance or proportionality. To the extent Plaintiffs seek information necessary to evaluate the potential calculation of PACT Act penalties, Defendants are prepared to meet and confer concerning appropriate, proportional discovery concerning nationwide gross sales and related financial information. But Defendants do not agree that the Court's ruling entitles Plaintiffs to every document concerning Defendants' nationwide business operations or nationwide sales merely because nationwide gross sales may inform the maximum penalty analysis.

## 2. *Concluding Fact Discovery*

On July 8, 2026, the parties conferred about a practical schedule for all Defendants to complete their document and communication collections (including imaging of all custodian devices)[2], conduct reviews, and produce documents and communications in full satisfaction of their discovery obligations, in addition to conducting depositions.  During the conferrals, the parties agreed on several important points:

1. Defendants will provide an update about device collections by no later than July 22, 2026[3];
2. All parties will complete the production of all responsive documents and communications by no later than December 15, 2026;
3. The Parties will complete depositions by March 15, 2027; and

---

[2] The State identified individuals missing from all Defendants' (except Puff Defendants) proposed list of custodians. Defendants Demand Vape, Magellan, SV3, Safa, 10 Days, Midwest Goods, and YLSN have agreed to include the additional individuals identified by the State to their lists of custodians.

[3] For the avoidance of all doubt, the update shall include information about (1) which custodian's devices (identifying if personal and/or business device) have been collected; (2) which devices have been imaged and if not imaged, the proposed date for completion of the imaging; (3) which custodian's devices are outside of Defendant's possession, custody, or control but otherwise contain information relevant to Defendant's business and operations; and (4) as for the devices outside of Defendant's possession, custody or control, Defendants will provide the State such information to enable the State to subpoena such relevant records, including but not limited to (i) full name of custodian; (ii) phone number(s); (iii) phone(s) carrier (if known to Defendant); (iv) last known personal email address (if known to Defendant); and (v) custodian's last known address.

Hon. Margaret M. Garnett
Page 3 of 10

    4.   Fact discovery will close on April 19, 2027[4].

Plaintiffs' Position:

        Given the Court's order that there be no further extensions of discovery deadlines absent extraordinary circumstances, and Defendants' failure to participate in discovery in good faith as evidence by their delayed collection and slow production in this case so far, (*see* ECF Nos. 155 and 185), the State and City believe that interim dates of compliance are a critical tool for timely production going forward. Concerning Defendants' position that the parties need to continue to meet in order to reduce burden, the State and City's position is that although the conferral process is aimed at identifying responsive collections of communications proportional to the needs of the case, there will be no way to entirely eliminate the burdens of discovery. Defendants have made hundreds of sales involving thousands of products into New York, and even more purchases during the relevant time period. It is unavoidable that the number of communications Defendants will have to review will be voluminous. Nevertheless, the State and City have been and continue to ensure that they respond to Defendants' concerns in good faith when discussing the production populations. The State and City believe the following interim dates to be both reasonable and necessary:

| | |
|---|---|
| July 22, 2026 | Confirmation that all agreed upon custodian's emails have been collected, including any former employees and personal email accounts to the extent they were used to conduct business. |
| July 27, 2026 | Production of all documents (other than communications) responsive to the State's First and Second Requests for the Production of Documents, including all documents responsive to all requests for which Defendants refused to produce pending a decision on the PACT Act penalty issue. Amended written responses and privilege log as required under Rules 26(e) and Local Civil Rule 26.2. |
| August 7, 2026 | Completion of all data analytics for all communications (including non-English communications), on emails and all devices,[5] including final search term reports, (all search |

---

[4] This will allow the parties to serve contention interrogatories as per Local Civil Rule 33.3(c) and any additional document requests following depositions.

[5] The State has had an outstanding request for information concerning custodian's phone numbers and carriers in order to facilitate the issuance of necessary subpoenas to the extent Defendants deny having possession, custody, or control over information contained on personal devices that were used to perform work on behalf of a Defendant. *See, e.g.,* fn. 3. Accordingly, insofar as Defendants now claim to be limited by state "privacy laws" in their ability to produce responsive information from the devices of former employees, the State respectfully insists that such information necessary to seek subpoenas shall be produced by July 22 (*see infra*.).

Hon. Margaret M. Garnett
Page 4 of 10

|  |  |
|---|---|
|  | terms submitted, reviewed, negotiated, and agreed upon; final hit counts provided; and if necessary, sampling is complete); additionally, Defendants will provide confirmation that custodian interviews have been performed for all identified and agreed-upon custodians. |
|  | For the avoidance of doubt, the "completion of all data analytics for all communications" means that (i) all collections from emails and all devices have been completed; and (ii) the "data analytics" – which are the search steps the parties perform to identify responsive collections to be reviewed for production—are complete. (Hereafter, the final report of hit counts of all potentially responsive documents in the collection will be referred to as the "Collection Report"). |
| August 13, 2026 | All data from all emails and devices fully uploaded into the e-discovery review platform so that Defendant's review of all communications identified in the Collection Report for production to the State will begin without further negotiations to narrow burden. |
| August 28, 2026 | Start of bi-weekly productions, on a rolling basis, due each Friday; concurrent privilege logs for the production produced within two weeks from the respective weekly production. |
| August 28, 2026 | Production of all documents (other than communications) responsive to the State's Third Requests for the Production of Documents and First Amended Requests for the Production of Documents. Amended written responses and privilege log as required under Rules 26(e) and Local Civil Rule 26.2. |
| August 28, 2026 | 25% of communications in the Collection Report review complete;[6] |

---

[6] Based on the data from all emails and devices that will be uploaded into each Defendant's e-discovery review platform by no later than August 13. Plaintiffs seek these monthly projected Collections Report review metrics to help ensure that Defendants are meaningfully and timely reviewing their communications and to avoid the production of the majority of Defendants' communications until close to the December 15, 2026 deadline. The percentage of communications in the Collection Report review does not include previously produced communications. Defendants shall make best efforts to produce responsive communications consistent with these

Hon. Margaret M. Garnett
Page 5 of 10

| | |
|---|---|
| September 25, 2026 | 45% of communications in the Collection Report review complete; |
| October 30, 2026 | 65% of communications in the Collection Report review complete; |
| November 27, 2026 | 85% of communications in the Collection Report review complete; |
| December 15, 2026 | 100% of communications in the Collection Report review complete. |

For each monthly Collection Report's communications review completion goal, Defendants will provide to Plaintiffs a report to detail their progress, including in such report: (1) number of communications in the Collection Report reviewed; (2) percentage completed as to the collection of potentially responsive communications; and (3) number of responsive communications identified in that progress report review period.  If any issues exist or existed, Defendants shall also provide timely notice of such issue, as well as include that information in the status report.

In the alternative, Plaintiffs propose that a third-party e-discovery vendor oversee Defendants' production at Defendants' expense.  Upon request, Plaintiffs can provide a proposed order with terms for such an arrangement.

Lastly, the State would be remiss if it did not address Defendants' posturing that Plaintiff has outstanding discovery for which similar oversight is necessary. First, the Court has *sua sponte* determined that Defendants—not Plaintiffs—have been derelict in their discovery obligations such that she has offered her willingness to entertain a sanctions motion. *See* ECF Nos. 155 and 185. Indeed, the Court remarked in its most recent discovery conference that "…I'm somewhat reassured by the fact that—and this is not a good thing, but its an accurate description of where we are—the discovery did not really begin in earnest in this matter until March or April of this year." Discovery Conf. Tr. at 18:22-25 (July 6, 2026).  Despite Defendants' protestations to the contrary, there is no active discovery dispute regarding any outstanding discovery purportedly owed by the State.  *See* ECF No. 195 (Defendants' motion to compel is "both premature and unnecessary for resolution at this stage in the litigation" … "Conspicuously missing from Defs. Letter or the accompanying exhibits, is any evidence that Defendants sought and in fact conferred on the State's objections and responses to the document requests and interrogatories included in Defendants' Exhibit A."). Defendants have to demonstrate the State has failed its discovery obligations. While Defendants insist that certain discovery is outstanding, including supplemental initial disclosures, and responses to certain interrogatories and requests for production, *see, e.g.,* ECF No. 194, the State has no currently outstanding obligations, nor is there an actual controversy before the Court to resolve. The State supplemented its initial disclosure on July 3, 2026—there is no further supplement needed nor outstanding. Moreover, Defendants' purported dispute concerning certain document requests and interrogatories identified in its motion to compel is not ripe, nor is there an actual dispute. Indeed, concerning the interrogatory answers Defendants claim are purportedly outstanding, Defendants have served additional interrogatories seeking the same information, and

---

percentages, e.g. if 5,000 communications are reviewed by August 28 and 500 out of the 5,000 communications are responsive, Defendant shall make best efforts to produce the 500 communications  identified shortly thereafter.

Hon. Margaret M. Garnett
Page 6 of 10

for which the State has until later this week to respond.  Finally, documents in the possession, custody, and control of third parties is forthcoming, an update the State provided Defendants on Friday, July 10.

_Defendants' Position_:

Defendants agree that a revised discovery schedule should include realistic deadlines and appropriate status updates to ensure that fact discovery proceeds efficiently. Defendants do not agree, however, that the schedule should impose one-sided, highly granular interim obligations that would micromanage the collection, review, and production process, particularly where those obligations are imposed only on Defendants, particularly where the State's own discovery obligations remain outstanding.

Defendants dispute Plaintiffs' characterization that Defendants have failed to participate in discovery in good faith. Defendants have produced substantial documents, continued to collect and process ESI, participated in numerous meet-and-confers concerning search terms and data analytics, and worked with their vendors to develop a proportional and defensible review process. The volume of ESI at issue is significant, and the parties are continuing to confer regarding appropriate methods to reduce unnecessary burdens, including threading, search-term refinement, and potential analytics-assisted review workflows.

Defendants are prepared to provide reasonable status updates both to Plaintiffs and to the Court concerning the progress of collections, processing, review, and rolling productions. However, Plaintiffs' proposed interim deadlines are unrealistic and disproportionate. For example, Plaintiffs would refuse to allow Defendants to engage in further meet and confers or motions practice to attempt to reduce the burden of reviewing potentially hundreds of thousands of emails only six days after the deadline for completing analytics on those materials even though the State has often said it is only available for meet and confers as to those analytics many days after such meet and confers have been requested or e-discovery vendor analytical reports have been shared by Defendants. Plaintiffs would likewise require Defendants to produce multiple rounds of privilege logs well before all document production is complete. As referenced above, Plaintiffs would also require Defendants to produce numerous categories of documents wholly unrelated to sales in New York that are not relevant to the calculation of damages under the PACT Act's civil penalties provision (as interpreted by the Court). Plaintiffs also propose rigid percentage-completion milestones for communications review, even though review speed depends on the final review population, the nature and complexity of the documents, threading/family treatment, privilege review, foreign-language documents, and any agreed-upon use of analytics or TAR/CAL workflows. Further, most Defendants are using the same e-discovery vendor, so Plaintiffs' proposal that all Defendants make productions every other Friday is not realistic given that vendor's capacity and capabilities.

Insofar as the request of the Plaintiffs for imaging of the personal communication devices of former employees who may have engaged in communications relating to the matters raised in the Plaintiffs' complaints, Defendants are willing to work within the bounds of the privacy laws of the particular states in which any former employees in particular are domiciled.  However, several

Hon. Margaret M. Garnett
Page 7 of 10

states in which the Defendants and their former employees are domiciled have quite different and in certain cases very protective privacy laws relating to the request for any search of any personal devices of former employees and it may be extremely difficult or impossible in certain cases to access and examine such devices without the full participation of certain former employees, which cannot at this time be guaranteed.

Defendants also object to Plaintiffs' alternative request that a third-party e-discovery vendor oversee Defendants' productions at Defendants' expense. That request is unsupported, disproportionate, and unnecessary. Defendants are already working with appropriate e-discovery vendors and are prepared to provide reasonable status updates to the Court and Plaintiffs. There has been no finding that would warrant imposing a discovery monitor or shifting such costs to Defendants.

Any revised schedule should also address the State's outstanding discovery obligations. Defendants have sought discovery concerning the State's claimed damages, penalties, disgorgement, abatement relief, and other monetary relief, including the factual and evidentiary basis for those claims. Plaintiffs' proposed schedule contains no deadlines for the State to further supplement its disclosures, produce responsive documents, amend deficient responses, provide privilege logs, or complete its own productions. As explained at the July 6, 2026 hearing, Defendants have grave concerns that the State will attempt to unfairly sandbag Defendants as to the amount of the remedies—legal or equitable—that the State seeks, as to date the State has yet to set forth a single dollar figure or explain the calculation therefor for *any* form of remedy the State seeks or to specifically identify the documents that provide the basis for that calculation. The Federal Rules of Civil Procedure are clear that Defendants are entitled to this information in fact discovery. A realistic discovery schedule must apply to both sides.

Defendants propose the following schedule:

- July 22, 2026: Defendants provide a status update concerning remaining device and communication collections;

- July 22, 2026, and every fourteen days thereafter: Each Defendant to provide a detailed report to Plaintiffs by email on (i) the status of any remaining device and communications collections; (ii) the number of collected communications reviewed for production; (iii) anticipated forthcoming production tranches; and (iv) new or continuing issues on which conferral between the parties is required;

- July 22, 2026: State to complete supplementation of its Initial Disclosures and responses to the requests for production and interrogatories that were the subject of Defendants' June 30, 2026 letter motion (ECF No. 194);

- August 7, 2026: Defendants substantially complete agreed-upon custodian collections, subject to any custodian-specific or technical issues that are promptly disclosed;

- August 21, 2026: The parties complete meet-and-confer discussions concerning search terms, threading, deduplication, analytics, TAR/CAL, and any sampling protocol;

Hon. Margaret M. Garnett
Page 8 of 10

- August 28, 2026: Any Defendants that have not begun rolling productions of non-privileged responsive communications commence the same;

- August 28, 2026, and every twenty-eight days thereafter: The parties submit a joint status report to the Court describing the status of collections, processing, review, productions, outstanding disputes, and any issues requiring Court intervention;

- December 15, 2026: All parties will complete the production of all non-privileged responsive documents and communications and produce privilege logs.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Colleen K. Faherty

Colleen K. Faherty
Special Counsel
*Counsel for the State*

/s/ Elizabeth Slater

Eric Proshansky
Elizabeth Slater
Aatif Iqbal
Assistant Corporation Counsels
*Counsel for the City*

/s/ Eric N. Heyer

Eric N. Heyer (admitted *pro hac vice*)
THOMPSON HINE LLP
*Counsel for Defendants SV3, LLC (d/b/a Mi-One Brands) and Midwest Goods Inc. (d/b/a Midwest Distribution Illinois)*
*Co-Counsel for 10 Days, Inc. (d/b/a Pod Juice), and Safa Goods LLC*
*Co-Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC (d/b/a Demand Vape)*

/s/ Robert Buschel

Robert C. Buschel

Hon. Margaret M. Garnett
Page 9 of 10

BUSCHEL GIBBONS, P.A.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

/s/ Michael J. McMullen

Michael J. McMullen
COHEN & MCMULLEN, P.A.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

/s/ Zoe Aron

Zoe Aron
Zoe Aron Law, P.C.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

/s/ Lesley Brovner

Lesley Brovner
Mark Peters
Madison Kucker
PETERS BROVNER LLP
*Co-Counsel for Defendant Safa Goods LLC*

/s/ Mary G. Bielaska

Mary G. Bielaska
ZANICORN LEGAL PLLC
*Counsel for Puff Bar, Evo Brands, LLC, and PVG2, LLC (d/b/a Puff Bar)*

/s/ Ishmael Green

Ishmael Green (admitted *pro hac vice*)
BOCHNER PLLC
*Counsel for Defendants YLSN Distribution, Inc., Price Point Distributors, Inc., Hamza Jalili, Weis Khwaja, and Mohammed Jalili*

/s/ Eric Gotting

Eric P. Gotting (admitted *pro hac vice*)
KELLER AND HECKMAN LLP

Hon. Margaret M. Garnett
Page 10 of 10

*Co-Counsel for Defendants YLSN Distribution, Inc.,
d/b/a Happy Distro*

/s/ Manny Zayrov

Manny Zayrov
ZAYROV LAW, P.C.
*Counsel for Myle Vape Inc. and MVH I, Inc.*