

ATLANTA | CHICAGO | CINCINNATI | CLEVELAND
COLUMBUS | DAYTON | LOS ANGELES | MINNEAPOLIS
NEW YORK | SILICON VALLEY | WASHINGTON, D.C.

*VIA ECF*

July 30, 2026

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> RE:  *State of New York v. Puff Bar, et al.*, Civil Action No. 25-cv-1445-MMG; *City of New York v. Puff Bar, et al.*; Civil Action No. 25-cv-02850-MMG
> Defendants' Response to the State's July 24, 2026 Letter

Dear Judge Garnett:

The undersigned is counsel for Defendants 10 Days, Inc., Ecto World LLC, Magellan Technology Inc., Midwest Goods Inc., SV3, LLC, and Safa Goods LLC and on behalf of those parties and the remaining Defendants respectfully submits this letter in response to the State's July 24, 2026 letter (ECF No. 201).

The State's July 24, 2026 letter portrays all Defendants as continuing to disregard their discovery obligations. That characterization does not accurately reflect the current state of discovery. The overwhelming majority of Defendants have continued to comply with the discovery process established by the Court and memorialized in the parties' July 13, 2026 Joint Letter (ECF No. 197), including by completing agreed-upon collections, making rolling productions, participating in ongoing meet-and-confer efforts, and providing the biweekly discovery status updates required by the parties' agreement.

Following the Court's July 6, 2026 conference, the parties worked to establish a framework for completing the remaining discovery. That process culminated in the July 13, 2026 Joint Letter, which set forth a schedule governing, among other things, the completion of device and communications collections, rolling productions, continued conferral, and biweekly reports addressing the status of collections and review, anticipated production tranches, and any outstanding issues requiring further discussion. Consistent with that framework, Defendants timely provided their first status reports to the State and City on July 22, 2026, and have continued to produce documents on a rolling basis. By way of example, Defendant Safa Goods, LLC has completed the collection of all agreed-upon email accounts and mobile devices, including former employees and email accounts used for company business, timely provided its July 22, 2026 status update, and continues to engage with the State regarding the search methodology to be applied to its phone collections. Safa Goods will be producing shortly over 3,000 responsive emails and attachments. Defendant Ecto World d/b/a Demand Vape will be producing shortly over 25,000

Eric.Heyer@thompsonhine.com   Fax: 202.331.8330   Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1999 K Street NW, Suite 600
Washington, D.C. 20006

www.ThompsonHine.com
O:  202.331.8800
F:  202.331.8330



July 30, 2026
Page 2

responsive emails and attachments. Defendant SV3, LLC will likewise be producing over 10,000 responsive emails and attachments. Defendant 10 Days, Inc. will also be producing over 15,000 responsive emails and attachments. Defendant Price Point anticipates producing over 9,000 emails shortly. Similarly, Defendant YLSN will be producing later this week both its next tranche of rolling production and an overlay with substantial confidentiality de-designations, and has already begun producing responsive email communications. The Puff Defendants have produced rolling productions throughout the past several months and will be providing a status report today that will include a meet and confer request on a few items. The Myle Defendants' new counsel is also working diligently to advance the discovery production notwithstanding the transition and has engaged Plaintiffs through meet and confer and email status updates.

As the foregoing illustrates, the State's renewed request for blanket judicial oversight over all Defendants is unwarranted. For instance, the State identifies numerous alleged deficiencies concerning Midwest Goods – however, those allegations are specific to Midwest Goods and provide no basis to impose heightened oversight on every other Defendant. This action involves numerous unrelated companies, each of which is independently responsible for its own collection, review, and production. The remaining Defendants have no control over Midwest Goods' degree of compliance with its discovery obligations and should not be penalized or subjected to additional oversight based on the alleged shortcomings of an unrelated party. To the extent the State believes Midwest Goods or any other Defendant has failed to comply with its obligations, that issue should be addressed with that Defendant, and any relief should be tailored accordingly.

Additionally, the State's assertion that Defendants have failed to meaningfully participate in discovery is difficult to reconcile with its own discovery conduct. Before today (when it produced documents it had received in response to subpoenas from various New York state agencies), the State had produced only 2,491 documents across all Defendants. That production consisted of 306 documents produced on January 7, 2026, 1,977 documents produced on March 11, 2026, and just 208 additional documents produced on July 24, 2026. This limited production stands in stark contrast to the extensive discovery the State has demanded from Defendants, including expansive document requests, multiple rounds of deficiency letters, additional custodians for email and phone collections, supplemental collections, revised search terms, rolling productions, and frequent meet-and-confer obligations.

Nor are the issues with the State's discovery practices confined to the volume of its production. As discovery has progressed, Defendants have identified concerns regarding the State's responses to written discovery, including its repeated reliance on boilerplate objections and the absence of request-specific explanations. Those concerns have been raised with the State during the meet-and-confer process and remain unresolved.



July 30, 2026
Page 3

By way of example, the State's First Supplemental Responses and Objections to Defendant Ecto World, LLC d/b/a Demand Vape's First Request for Production of Documents, served on March 11, 2026, illustrate the broader concerns Defendants have identified. There, the State asserted an identical privilege objection to twenty-seven of thirty-four requests, repeating verbatim that it objected "to the extent" the requests sought materials protected by various privileges, without tailoring the objection to the individual request or or identifying whether the State would be producing any documents. Likewise, the State repeatedly objected that requests were "overly broad, unduly burdensome, and disproportionate" and "subject to interpretation," again without providing any request-specific explanation or identifying the burden compliance would allegedly impose. While the Demand Vape responses are only discussed here by way of illustration, similar issues have occurred in the State's responses to discovery served on other Defendants.

Defendants have raised these issues with the State during the meet-and-confer process and, where requested, memorialized those concerns in writing. As of the date of this submission, those issues remain unresolved and Defendants hope to be able to address them without needing to resort to intervention by the Court.

Against this backdrop, the State's July 24, 2026 letter presents an incomplete picture of the discovery record. While criticizing Defendants' discovery efforts and seeking heightened judicial oversight, the State omits any discussion of its own limited production, the unresolved deficiencies in its written discovery responses, and the legitimate issues Defendants have attempted to resolve in good faith through the conferral process. Defendants do not raise these issues to excuse their own discovery obligations. Rather, they provide important context demonstrating that the discovery challenges in this case have not been one-sided.

I thank the Court for its consideration of these concerns.

Respectfully submitted,

*/s/ Eric N. Heyer*
Eric N. Heyer
THOMPSON HINE LLP

cc:   All counsel of record (via ECF)