

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

---

<u>VIA ECF</u>                                                                    August 7, 2026
Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

   *Re: State of New York v. Puff Bar, et al.,* Case No. 25-cv-01445 (MMG)*;*
   *City of New York v. Puff Bar, et al.*, Case No. 25-cv-2850 (MMG)

Dear Judge Figueredo:

   This Office represents the State of New York (the "State") and submits this letter in compliance with this Court's Order, dated August 3, 2026 (ECF No. 207), directing the parties to file on ECF a joint letter outlining the pending discovery disputes and each party's respective position on those disputes. The State respectfully submits this letter together with all Defendants, as well as the City in both cases captioned above.

<u>State's Position</u>
   The State has spent significant efforts in seeking to get Defendants to meaningfully participate in discovery and produce documents and communications responsive to its requests. *See* ECF Nos. 131 (State. Mot. to Compel ("3/30 State Mot.")), 182 (State Resp. to Defs.' request to extend deadlines), and 191 (June 15 Joint Letter). As Judge Garnett observed, "discovery did not really begin in earnest in this matter until March or April of this year" after the State's March 30 motion to compel. Hr'g Tr. 18:24-25 (July 6, 2026); *see also* 3/30 State Mot. Notably, the Court also admonished defendants that they are "on notice that the Court will entertain a motion for monetary sanctions should Defendants continue to flout their discovery obligations and this Court's orders." ECF No. 185.

   Nonetheless, the most substantial discovery dispute concerns the parties' disagreement as to whether Defendants can maintain a viable New York nexus objection, in disregard of Judge Garnett's prior ruling on the issue in connection with the 3/30 State Mot. For more information about this dispute, the State refers the Court to its explanation of the issues in its discovery letter dated July 24, 2026. *See* ECF No. 201. Defendants have thus far been slow and nearly unwilling to participate in e-discovery[1], but the parties are finally beginning to make productive headway with targeted searches, collections, and a review of such materials. Whether Defendants can

---

[1]For example, despite repeated requests for discovery updates since April, to date, Midwest Goods (MWG) has failed to provide a search term report or even an update on the status of its email and mobile device collection. Indeed, MWG has failed to meaningfully participate in discovery, last producing documents on January 8, 2026.

Hon. Valerie Figueredo
August 7, 2026
Page 2

complete their e-discovery within the proposed revised case management schedule (ECF No. 197)[2] remains to be seen. Nonetheless, the State believes that judicial oversight is necessary to ensure defendants are properly shepherded through the discovery process.

Separate from the above-mentioned disputes, there is an additional dispute concerning some Defendants' blanket designations of documents as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" ("AEO") for which the State is prepared to seek judicial relief. The AEO designation should be applied "as narrowly as possible" given the restrictive use of such designated documents in the litigation. ECF No. 119 at ¶5. Still, some Defendants have designated whole categories of documents, including PACT Act Reports, sales and purchase invoices, shipping records, and vapor products certificates of registrations (which are matters of public record) as AEO, thus restricting the State's ability to use these documents in proving liability. But Defendants cannot meet their burden to establish how disclosure of these types of documents would cause "substantial injury" to their respective competitive positions, especially when the Protective Order already allows for a "Confidential" designation that strictly proscribes the use of said documents to this litigation only. *Id.*, at ¶¶8–9. Despite several conferrals, the parties are at an impasse and the State is prepared to raise this issue in a discovery motion.

<u>City's Position</u>
The City agrees that Defendants have failed to meaningfully participate in discovery until after the Court's April 27 Order; that judicial oversight is necessary to ensure that Defendants meet the proposed discovery deadlines; and the City maintains similar concerns as to the blanket over-designation of confidentiality. Finally, Defendants cannot maintain a New York nexus objection; Defendants have grossly misinterpreted the Court's July 6 ruling and the City would like an opportunity to brief this issue further.

<u>Defendants' Position</u>
Because this is your honor's first opportunity to address these issues, Defendants believe it is important to clarify the record. Throughout this discovery process, the State has repeatedly mischaracterized Defendants' discovery efforts by portraying legitimate disputes regarding the scope of discovery as refusals to participate in discovery. That characterization does not accurately reflect the current state of discovery. The overwhelming majority of Defendants[3] have continued to actively participate in discovery by completing agreed-upon email and mobile device collections, making substantial rolling productions, engaging in repeated meet-and-confer efforts, and providing the biweekly discovery status reports contemplated by the parties' July 13, 2026 Joint Letter (ECF No. 197).[4]

---

[2] Note, Judge Garnett had not ruled on which of the competing CMOs should apply going forward in discovery.

[3] Uniquely, Midwest Goods has previously informed the State that it does not have the financial wherewithal to continue discovery and has provided documents to the State demonstrating its financial condition.

[4] Defendants previously sought severance because this action joins numerous unrelated companies represented by separate counsel, many of which compete with one another and have no common ownership, management, or operations. Each Defendant is independently responsible for its own discovery obligations. Accordingly, to the extent the State contends that any particular Defendant has failed to satisfy its discovery obligations, those allegations should be addressed with that Defendant, and any relief should be tailored accordingly. One Defendant's alleged shortcomings cannot fairly be attributed to—or serve as the basis for imposing heightened oversight upon—the remaining Defendants, who have no control over another Defendant's discovery efforts.

Hon. Valerie Figueredo
August 7, 2026
Page 3

The dispute presently before the Court is not whether Defendants will produce discovery—they have been and continue to do so. *See* ECF 203. Indeed, the parties appear to agree that the principal discovery dispute concerns the permissible scope of nationwide discovery. They disagree, however, as to what Judge Garnett's July 6, 2026 ruling requires. Specifically, as stated in Defendants' July 29, 2026 Letter Motion for Clarification and accompanying Appendix (ECF 202), Defendants understood Judge Garnett's July 6, 2026 oral ruling to distinguish between nationwide discovery relevant to the calculation of PACT Act civil penalties—which the Court explained was limited to nationwide gross sales information—and broader nationwide discovery sought for liability purposes. As to liability, the Court explained that out-of-state discovery remains relevant where it bears "a proven connection to in-jurisdiction sales or to arguments that the plaintiffs are raising about the elements they have to prove for the in-jurisdiction statutory violations." (July 6, 2026 Tr. 18:4-16.) While that standard provides important guidance, it necessarily leaves room for reasonable disagreement as to which categories of nationwide discovery satisfy it. Indeed, that is precisely the parties' present dispute. Defendants understand the Court's ruling to require some meaningful limiting principle that ties nationwide discovery to New York conduct or another element of Plaintiffs' claims. The State, by contrast, appears to take the position that it is entitled to virtually every category of nationwide document and communication maintained by Defendants—including nationwide customer, transaction, shipping, communications, and operational records—without regard to whether those materials bear any meaningful connection to New York conduct. In Defendants' view, that interpretation effectively reads any limiting principle out of the Court's July 6 ruling. To assist the Court, Defendants refer the Court to the Appendix submitted with its July 31, 2026 letter, which identifies requests that illustrate the parties' disagreement on this issue. *See* ECF 202 at 4-7.

Moreover, the State's repeated accusations regarding Defendants' purported discovery deficiencies are difficult to reconcile with its own discovery conduct. While demanding expansive nationwide discovery, additional custodians, supplemental collections, repeatedly requesting revised search terms, and extensive rolling productions from Defendants, the State has produced only limited document production itself and has served written discovery responses that Defendants believe rely heavily on boilerplate objections without providing meaningful request-specific explanations. Defendants have repeatedly raised these concerns through the meet-and-confer process and remain hopeful they can be resolved without judicial intervention. Defendants raise these issues not to excuse their own discovery obligations, but because the State's repeated characterization of the discovery record presents an incomplete and one-sided picture of the parties' respective discovery efforts.

Defendants believe that resolution of these threshold issues will provide the parties with the guidance necessary to complete the remaining discovery efficiently and avoid continued disputes over the scope of nationwide discovery.

Hon. Valerie Figueredo
August 7, 2026
Page 4

Respectfully submitted,

/s/ Colleen K. Faherty

Colleen K. Faherty
Special Counsel
*Counsel for Plaintiff People of the State of New York*

/s/ Elizabeth Slater

Elizabeth Slater
Assistant Corporation Counsel
*Counsel for Plaintiff City of New York*

/s/ Eric N. Heyer

Eric N. Heyer (admitted *pro hac vice*)
THOMPSON HINE LLP
*Counsel for Defendants SV3, LLC (d/b/a Mi-One Brands) and Midwest Goods Inc. (d/b/a Midwest Distribution Illinois)*
*Co-Counsel for 10 Days, Inc. (d/b/a Pod Juice), and Safa Goods LLC*
*Co-Counsel for Defendants Magellan Technology, Inc., Ecto World, LLC (d/b/a Demand Vape)*

/s/ Robert Buschel

Robert C. Buschel
BUSCHEL GIBBONS, P.A.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

/s/ Michael J. McMullen

Michael J. McMullen
COHEN & MCMULLEN, P.A.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

/s/ Zoe Aron

Zoe Aron
Zoe Aron Law, P.C.
*Co-Counsel for Defendants Magellan Technology, Inc. and Ecto World, LLC*

Hon. Valerie Figueredo
August 7, 2026
Page 5

/s/ Mark Peters

Lesley Brovner
Mark Peters
Madison Kucker
PETERS BROVNER LLP
*Co-Counsel for Defendant Safa Goods LLC*

/s/ Mary G. Bielaska

Mary G. Bielaska
ZANICORN LEGAL PLLC
*Counsel for Puff Bar, Evo Brands, LLC, and PVG2, LLC (d/b/a Puff Bar)*

/s/ Ishmael Green

Ishmael Green (admitted *pro hac vice*)
BOCHNER PLLC
*Counsel for Defendants YLSN Distribution, Inc., Price Point Distributors, Inc., Hamza Jalili, Weis Khwaja, and Mohammed Jalili*

/s/ Eric Gotting

Eric P. Gotting (admitted *pro hac vice*)
KELLER AND HECKMAN LLP
*Co-Counsel for Defendants YLSN Distribution, Inc., d/b/a Happy Distro*

/s/ Manny Zayrov

Manny Zayrov
ZAYROV LAW, P.C.
*Counsel for Myle Vape Inc. and MVH I, Inc.*