THOMPSON HINE

ATLANTA | CHICAGO | CINCINNATI | CLEVELAND
COLUMBUS | DAYTON | LOS ANGELES | MINNEAPOLIS
NEW YORK | SILICON VALLEY | WASHINGTON, D.C.

September 18, 2026

***Via CM/ECF***

Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *City of New York v. Puff Bar, et al.*, No. 25-cv-02850-MMG
(Related Case: *State of New York v. Puff Bar, et al.*, No. 25-cv-1445-MMG)
**Letter Motion to Compel Supplemental Response to Subpoena**

Dear Judge Figueredo:

Pursuant to Section I(a) of Your Honor's Individual Practices in Civil Cases and Local Civil Rule 37.2, the undersigned counsel respectfully submit, on behalf of our clients 10 Days, Inc. d/b/a Pod Juice, Safa Goods LLC, and SV3 LLC, (collectively, "Defendants"), and on behalf of all Defendants, this letter motion to respectfully request an order compelling subpoenaed non-party New York Department of Taxation and Finance ("DOTF") to comply with its obligations to respond to Defendants' Subpoena to Produce Documents, Information, or Objects ("Subpoena").[1]

Despite being served with the Subpoena over six months ago, DOTF has to date failed to serve a complete document production and privilege log. After multiple meet-and-confers and communications clarifying Defendants' requests, only one document production consisting of four PDF files, comprising approximately 29 documents, and an incomplete privilege log were produced.[2] DOTF has never served any objections to the Subpoena. The Subpoena requests all documents and communications relating to DOTF's (1) Memorandum TSB-M-19(3)S, "Vapor Products Dealer Registration and Filing Requirements" dated October 18, 2019; (2) interpretation of New York State Health Law § 1399-ll; (3) interpretation of New York Tax Law § 1181; (4) any guidance the Department issued relating to New York Tax Law § 1181; and (5) documents and communications relating to New York's restrictions of vapor products, including but not limited to New York's flavor ban, shipping ban, ban on swag and events, and ban on price reductions.[3]

**Background**: On March 4, 2026, DOTF was served with the Subpoena, which required the production of all responsive documents by April 5, 2026. On March 24, 2026, DOTF requested a 30-day extension and clarification on documents sought in the Subpoena. On March 31, 2026, DOTF requested a second extension to April 24, 2026, to produce documents and a privilege log. On May 7, 2026, DOTF requested additional information and clarification on the documents

[1] Counsel is emailing this letter motion to counsel for the DOTF concurrently with its filing.
[2] A chart detailing the dates, times, and participants of the meet and confers is attached as **Exhibit A**.
[3] A true and accurate copy of the Subpoena is attached as **Exhibit B**.

Eric.Heyer@thompsonhine.com Fax: 202.331.8330 Phone: 202.263.4128

THOMPSON HINE LLP
ATTORNEYS AT LAW

1999 K Street NW, Suite 600
Washington, D.C. 20006

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330

requested in the Subpoena. DOTF served its first and only partial document production and incomplete privilege log on May 11, 2026. In its privilege log, DOTF asserted the deliberative process privilege for approximately 330 unique documents and communications.[4]

On June 4, 2026, Defendants and DOTF held a meet-and-confer related to the initial, incomplete document production. DOTF agreed to produce any guidance documents provided to call center staff or transcripts those call center staff were instructed to use with individuals asking for guidance, enforcement, and implementation of the topics referenced in the Subpoena; any documents related to communications, including emails, with stakeholders regarding applications for the vapor product dealer registration certificate more broadly, and particularly on the topic of whether distributors and wholesalers are eligible to apply for the vapor product dealer registration certificate; and to produce a supplemental document production and final privilege log by June 19, 2026. During this meet-and-confer, Defendants also clarified for DOTF that they are seeking all documents related to communications between DOTF and the New York Department of Health from January 1, 2019, to July 2020 related to the "Department of Health's Guidance for Vapor Product Manufacturers, Wholesalers, Distributors, and Retailers Regarding New Shipping Restrictions." Defendants also explained that DOTF's initial privilege log was insufficient based on case law related to the deliberative process privilege and outlined for DOTF the steps needed to potentially properly invoke the privilege, including case law supporting each step.

On June 18, 2026, DOTF requested another extension to supplement its document production and privilege log. On July 13, 2026, after Defendants inquired regarding the status of the document production, DOTF stated it would send its remaining production and final privilege log by July 31, 2026. On July 29, 2026, DOTF stated it would send its production by August 5, 2026. On August 6, 2026, DOTF assured Defendants that it had its document production collected, but that internal discussions related to certain documents needed to occur and requested a second meet-and-confer related to the upcoming document production and privilege assertions it raised.

As a result, on August 11, 2026, DOTF and Defendants held a second meet-and-confer. During this meet-and-confer, Defendants stated DOTF should prioritize producing documents related to its "Vapor Products Dealer Registration and Filing Requirements," Technical Memorandum TSB-M-19(3)S, dated October 18, 2019, at that time. DOTF stated it would provide Defendants with a supplemental document production and updated privilege log by August 14, 2026. On August 24, 2026, Defendants notified DOTF that they had not received the supplemental document production and updated privilege log and that if they did not receive at least the supplemental document production by August 25, 2026, they would proceed with filing a motion to compel. DOTF did not acknowledge this notice and has not further communicated with Defendants since that time.[5]

---

[4] A true and correct copy of DOTF's incomplete privilege log is attached as **Exhibit C**.
[5] The email correspondence outlined between Defendants and DOTF is attached as **Exhibit D**.

**Argument**: "Parties may obtain discovery regarding any nonprivileged matter . . . relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure Rule 45 "permits parties to obtain information from non-parties through inspection and copying of documents the non-party is required to produce." *Berkelhammer v. Voya Inst'l Plan Servs., LLC*, Case No. Civil No. 3:22-mc-00099-MEG, 2023 U.S. Dist. LEXIS 137614, *5 (D. Conn. Aug. 8, 2023).

Defendants are being prejudiced by DOTF's failure to supplement its document production with any substantive information and to provide a complete and final privilege log. Without receiving DOTF's supplemental production, Defendants cannot adequately defend against Plaintiff's claims, evaluate the factual and legal bases for any claimed causal connection between Defendants' alleged conduct and Plaintiff's alleged harm, proceed with securing a deposition of a representative of the DOTF, or assess potential expert issues. Plaintiff accuses Defendants of violating New York Tax Law § 1181; New York Public Health Law § 1399-ll; New York City Administrative Code § 17-715; and causing a public nuisance. The documents Defendants seek directly relate to these topics. DOTF has never served any formal objections to the Subpoena, and has thus waived any objection it might have. Additionally, DOTF already assured Defendants on August 6, 2026, that its supplemental document production was collected.

DOTF has indicated it is withholding at least 330 responsive documents based on the deliberative process privilege. However, DOTF's privilege log does not provide required information needed to invoke the privilege, "including, but not limited to, a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, . . . the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated." *NRA of Am. v. Cuomo*, 332 F.R.D. 420, 436 (N.D.N.Y. 2019). An affidavit from the agency head or designee confirming review of the withheld documents and why they were not disclosed is also required, yet DOTF did not include it. Failure to provide such an affidavit causes invocation of the privilege to fail. *Burbar v. Inc. Vill of Garden City*, 303 F.R.D. 9, at 14 n.2 (E.D.N.Y. 2014).

**Conclusion**: The State of New York initiated the corollary action against Defendant that the City here follows, yet for almost six months, one of the State's constituent agencies has failed to comply with its straightforward production obligations. Defendants respectfully request an order compelling DOTF to produce within seven (7) days all outstanding discovery responsive to Defendants' Subpoena, including a complete and final privilege log.

Respectfully submitted,

*/s/ Eric N. Heyer*

Eric N. Heyer
Joseph A. Smith
Lauren K. Ierardi
THOMPSON HINE LLP
1999 K Street, NW, Suite 600
Washington, DC 20036
Telephone: 202-331-8800
Facsimile: 202-331-8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
lauren.ierardi@thompsonhine.com

*Counsel for 10 Days, Inc. d/b/a Pod Juice, Safa Goods LLC, and SV3 LLC.*