# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| CITY OF NEW YORK<br>*Plaintiff*<br>v.<br>PUFF BAR, et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:25-cv-02850-MMG |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amanda Hiller, Acting Commissioner and General Counsel, New York Department of Taxation and Finance, W.A. Harriman Campus, Albany, New York 12227

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: *ELECTRONIC PRODUCTION PREFERRED*<br>300 Madison Ave, 27th Floor, New York, New York 10017; Eric.Heyer@thompsonhine.com | Date and Time:<br>04/05/2026 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/03/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Midwest Goods Inc., 10 Days, Inc., Safa Goods LLC, & SV3, LLC , who issues or requests this subpoena, are:

Eric N. Heyer, THOMPSON HINE LLP, 1919 M Street, NW, Ste. 700, Washington, DC 20036; eric.heyer@thompsonhine.com; (202) 263-4128

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-02850-MMG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________________

*Server's signature*

______________________________________

*Printed name and title*

______________________________________

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>EXHIBIT A</u>**

**DEFINITIONS**

Notwithstanding any Definition below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in the Requests, words in capital letters are defined as follows:

1. "And" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these requests for production any document that would otherwise not be brought within their scope.

2. "Any" or "each" should be understood to include and encompass "all."

3. "Communication" is used in a comprehensive sense and means every manner or method of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face to face, by telephone, mail, email, facsimile, personal delivery, or other method.

4. "Complaint" means the complaint filed by the State on April 7, 2025 (ECF No. 1).

5. The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

6. "Document" has the meanings prescribed in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. Every draft, revision version, or non-identical copy of a document is a separate document as used herein. Any request for documents includes a request for responsive communications to the extent such communications were made or transmitted by document.

7. "Flavored E-Cigarettes" refer to flavored disposable vaping device as that term is used in the Complaint.

8. The phrases "Relating to" or "relate to" shall mean any information or document of any nature that in any manner affects, concerns, discusses, encompasses, emanates from and/or corresponds to the issue identified.

9. "Vapor product" shall have the same meaning as defined by New York Public Health Law § 1399-aa(17).

10. "You" and "Your" refer to New York Department of Taxation and Finance and its commissioner, deputy commissioners, associate commissioners, treasurer, executives, directors, officers, advisors, inspectors, employees, and staff.

## INSTRUCTIONS

1. In complying with the Requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control.

2. For the purposes of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

3. Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

4. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

5. If information is redacted from a Document or Communication produced in response to a Request, You shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted.

6. If there are no Documents or Communications responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

7. If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to provide Your response.

8. Documents produced pursuant to these Requests should be produced as they are kept in the ordinary course of business, including electronically stored information.

9. Unless otherwise instructed or clear from the context of the Request, these Requests pertain to the Relevant Period.

10. These Requests are continuing in nature. If, after producing any materials in response to these Requests, You obtain or become aware of additional responsive materials, You are required to provide such materials by way of a supplemental production.

11. These Requests apply to all documents including documents that are held by your affiliates, agents, employees, representatives, officers, attorneys, or other persons.

12. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. Unless otherwise instructed or clear from the context of the Request, the past tense shall be construed to include the present tense, and vice versa, to make these Requests inclusive rather than exclusive.

15. Unless otherwise instructed or clear from the context of the Request, any and all documents which are physically attached to each other in your files shall be left so attached and produced.

16. Unless otherwise instructed or clear from the context of the Request, for any document requested herein which is not produced, on the basis of privilege or any other reason, describe the document and the basis for your withholding of the document, in accordance with applicable rules and law. Produce all portions of any document to which the basis for withholding the remainder of the document does not apply.

**REQUESTS**

1. All documents and communications relating to Your Memorandum TSB-M-19(3)S, "Vapor Products Dealer Registration and Filing Requirements," dated October 18, 2019.

2. All documents and communications relating to Your interpretation of New York State Health Law § 1399-ll.

3. All documents and communications relating to Your interpretation of New York Tax Law § 1181.

4. All documents and communications relating to any guidance issued by You relating to New York State Tax Law § 1181.

5. All documents and communications issued by You relating to New York's restrictions of vapor products, including but not limited to; New York's flavor ban; New York's shipping ban; New York's ban on Swag and Events; New York's ban on price reductions.

By: ______________________
Eric N. Heyer

*Counsel for Defendants*
*Midwest Goods Inc., 10 Days, Inc.,*
*Safa Goods LLC, and SV3, LLC*