Zanicorn™ LEGAL PLLC

September 30, 2026

**Via ECF Transmission**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** State of New York v. Puff Bar, LLC, et al., Case No. 1:25-cv-01445 (MMG);
City of New York v. Puff Bar, LLC, et al., 1:25-cv-02850 (MMG)

Dear Magistrate Judge Figueredo:

We write on behalf of Puff Bar, EVO Brands, LLC, and PVG2, LLC (the "Puff Defendants") in response to the Court's September 25, 2026 Order (ECF No. 239). Among other things, the Court directed the Puff Defendants to advise whether and when a litigation hold was issued with respect to the litigation and to report on the status of the electronic devices discussed in the parties' September 17 joint letter.

**Document Preservation and Litigation Holds**. In connection with the above-referenced litigations, the necessity of preserving documentation in anticipation of litigation ("litigation hold") was communicated to both Nicholas Minas Alfaro ("Alfaro") and Patrick Beltran ("Beltran") by the undersigned during an in person meeting in Los Angeles subsequent to the individual Puff Defendants' immediately upon commencement of the litigation. Messrs. Alfaro and Beltran have advised that they did not recall any other discussion related to document preservation or litigation holds being communicated to them by any other counsel with respect to any prior litigation and this is consistent with information that was communicated to the Plaintiffs at a meet and confer prior to the September 24 Court hearing. That does not mean that such conversations or holds did not occur between other counsel and the Puff Defendants; it only means that the undersigned is not specifically aware of such discussions and/or communications. It is important for the Court to be aware, however, whether or not there had been any prior litigation holds communicated by any other counsel for the Puff Defendants, prior to the undersigned being retained in connection with this litigation, the law firm of Thomson Hine did in fact preserve much of the documentation of the Puff Defendants and that documentation was emailed to the undersigned very recently. This documentation specifically preserved by the Thomson Hine firm is further discussed below. In addition, the manner in which the Puff Defendants did business from the time at which the current owners Messrs. Alfaro and Beltran assumed ownership of the Puff brand was cloud based; therefore the company documentation was kept and saved on a Google Drive, key documents were transferred to Thomson Hine when the Puff Defendants could no longer financially support the storage of the documentation for the trademark litigations and this documentation has now been transferred to the undersigned for review. Likewise the four main email accounts that the Puff Defendants were able to retain are

available and are being reviewed by the undersigned. At the present time the undersigned counsel is looking for cost effective methods of forwarding the necessary documentation that is responsive to the Plaintiffs' requests so that transmission of the documentation of relevance to the Plaintiffs can occur by the October 20, 2026, deadline. At the present time the undersigned has read the Court's September 25 Order and has had several conversations with co counsel for the Puff Defendants and one conference with the Plaintiffs. Counsel is still awaiting receipt of the Court transcript for the September 24 hearing.

**Office Computers and Available Business Information.** The Puff Defendants vacated their Santa Fe Street, Los Angeles, CA office in December 2023 and premises were given back to the landlord during January 2024. Office contents were moved temporarily to a storage unit. To the best recollection of the Puff Defendants either six or seven computers were sold during the company's cost cutting and wind down which occurred between the end of 2024 and the beginning of 2025. The sales took place through Facebook Marketplace and other in-person, peer-to-peer transactions, and the Puff Defendants do not have sales invoices. Employees worked on company-issued devices, not their own personal laptops and from 2021 and beyond the Puff Defendants operated on a cloud-based model. Employees worked on these company-issued devices and created, stored and shared their work in the company Google Drive and their company email so they could work remotely. Work product was not kept locally on individual computers as a practice and employees were discouraged from storing any company data on any personal device. Due to this policy the computers were not imaged when they were sold; employees created and maintained company work product in the company Google Drive.

We initially reviewed the company Google Drive in response to the initial State of New York subpoena and produced the responsive materials located there and provided both Plaintiffs in the above-referenced action access to a Sharefile folder containing the documents.

As we have advised the Plaintiffs on multiple occasions, documents relating to the active Al Khalifa and TIW Holdings trademark actions were provided by Eric Heyer of Thompson Hine LLP, counsel handling those actions. Mr. Heyer has provided those materials to our office, and we are reviewing them for responsiveness in the aforementioned actions.

**Former employees' devices**. The Court also directed the Puff Defendants to address devices upon which nine former employees conducted Puff business. The Puff Defendants discouraged personal laptop use and requested former employees to work only in the company Google Drive even when working on company-issued laptops (all of which were returned to the Puff Defendants when the employees were terminated. Also, the Puff Defendants specifically frowned upon use of any devices, including phones, that were not company owned. Nevertheless, the Puff Defendants are continuing to (i) locate all nine former employees and (ii) determine whether any of these former employees have any Puff company information stored anywhere on personal devices that can be collected prior to the Court's October 20 deadline. Counsel is working together with the Puff Defendants to direct and hasten this effort.

**Email accounts and current phones.** To further save expenses, the Puff Defendants reduced the Google Workspace seats and data-storage costs. The owners report that employee email accounts, including the customer-support account support@puffbar.com, were removed as part of that general reduction. The Puff Defendants are attempting to locate an administrative record establishing the support account's deletion date as well as the deletion dates of the other accounts.

The five accounts discussed in the joint letter are info@puffbar.com, nick@puffbar.com, patrick@puffbar.com, billing@puffbar.com, and support@puffbar.com. The first four remain accessible; the support account was removed as described above. We are proceeding with collection and imaging of the four accessible accounts pursuant to the Court's October 20 deadline and will promptly advise the Court if the Puff Defendants cannot comply with any portion of the Court's Orders.

Messrs. Minas Alfaro and Beltran brought their current phones to our office for an in-person review. We reviewed the phones and preserved screenshots of material identified during that review. The phones were not forensically imaged. At the present time we are exploring whether there is a cost effective third party service that can image the current phones owned by Messrs. Alfaro and Beltran.

Notwithstanding the foregoing, it is important to note that due to the fact that the Puff Defendants operated their business in a cloud-based manner, nothing of importance to this litigation has been lost and there has been no spoilage. All the work lived on the Google Drive and the key computer materials including the materials that were moved to Thomson Hine and the four main email accounts are all accounted for, will be reviewed and responsive documents placed in the Sharefile folder for the Plaintiffs which house the documentation that has already been supplied.

Respectfully submitted,

**ZANICORN LEGAL PLLC**

By: __/s/ Mary G. Bielaska/_________
Mary G. Bielaska
Counsel for Puff Bar, EVO Brands, LLC, and PVG2, LLC