**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

The CITY OF NEW YORK,
Plaintiff,

-against-

PUFF BAR, *et al.*
Defendant.

Case No. 1:25-cv-02850-MMG
Hon. Judge Margaret M. Garnett

**NOTICE OF MOTION TO WITHDRAW AS COUNSEL**

**PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Mary G. Bielaska, and all prior pleadings and proceedings in this action, Zanicorn Legal, PLLC and Mary G. Bielaska (collectively, "Zanicorn") will move this Court, before the Honorable Margaret M. Garnett, United States District Judge, at a date and time designated by the Court, for an Order pursuant to Local Civil Rule 1.4 and New York Rules of Professional Conduct 1.7 and 1.16(c)(7):

1. granting Zanicorn leave to withdraw as counsel of record for Defendants Puff Bar, EVO Brands, LLC, and PVG2, LLC d/b/a Puff Bar (collectively, the "Puff Defendants");
2. directing the Puff Defendants to cause substitute counsel to file a notice of appearance within thirty (30) days after entry of the Court's Order, because business entities may not appear *pro se* in federal court;
3. staying all deadlines applicable to the Puff Defendants during that thirty-day period, or granting such other reasonable extension as the Court deems appropriate; and
4. granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 20, 2026

Respectfully submitted,

/s/ Mary G. Bielaska

Mary G. Bielaska
Zanicorn Legal, PLLC
600 Third Avenue, 2nd Floor

New York, NY 10016
Phone: (858) 761-2197
Email: Mary.bielaska@zanicorn.com

*Attorneys for PUFF BAR, EVO BRANDS, LLC, PVG2, LLC D/B/A PUFF BAR*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

The CITY OF NEW YORK,
Plaintiff,

-against-

PUFF BAR, *et al.*
Defendant.

Case No. 1:25-cv-02850-MMG
Hon. Judge Margaret M. Garnett

**DECLARATION OF MARY G BIELASKA IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I, Mary G. Bielaska, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to practice before this Court and a member of Zanicorn Legal, PLLC. Zanicorn is counsel of record for Defendants Puff Bar, EVO Brands, LLC, and PVG2, LLC d/b/a Puff Bar in this action. I submit this Declaration in support of Zanicorn's motion for leave to withdraw as counsel.

2. Withdrawal is required because a conflict of interest has arisen involving another client of Zanicorn. After reviewing the relevant facts and the firm's professional obligations, Zanicorn has concluded that continued representation of the Puff Defendants as well as representation of the other current client would be inconsistent with its duties under the New York Rules of Professional Conduct, including Rules 1.7(a)(2) and 1.16(c)(1), 1.16(10).

3. The circumstances underlying the conflict involve confidential information protected by Rule 1.6 and the attorney-client privilege. Zanicorn therefore respectfully refrains from identifying the other client or describing the conflict on the public docket. If the Court requires additional information, Zanicorn is prepared to provide it *in camera* and, if directed, under seal.

4. The Puff Defendants also have a balance for fees and necessary expenses and have indicated as well as demonstrated to counsel that they are not financially able to fund the ongoing defense at the level reasonably required by this litigation. Although the financial situation of the Puff Defendants is a severely unfortunate one, Zanicorn does not rely on financial hardship and nonpayment of fees as the sole basis for withdrawal; the aforementioned conflict independently requires termination of the representation.

5. Zanicorn notified Nicholas Minas Alfaro and Patrick Beltran, owners of the Puff Defendants, that the conflict required Zanicorn to seek withdrawal. Zanicorn also advised the Puff Defendants that: (i) replacement counsel needed to be retained promptly as corporate entities cannot proceed *pro se*, (ii) ensured that the clients remain aware that all electronic materials containing their files as well as all electronically filed documents on the case dockets were accessible to the clients and (iii) advised them, as has been the practice during the entire representation of the material deadlines and orders of the judiciary. In addition, the Puff Defendants and counsel engaged in numerous conversations over the past several weeks relating to what the path forward in this litigation would entail dependent upon the orders of the Court and the reality of the decisions the Puff Defendants would need to make with respect to their meaningful participation in discovery balanced against the financial challenges the Puff Defendants are experiencing.

6. The undersigned has met on October 15, 2026 with the Plaintiffs for the State of New York and the City of New York as a courtesy to apprise them of the Motion for Withdrawal.

7. The undersigned has indicated to Plaintiffs that Zanicorn will continue to participate in discovery in order to ensure the information requested by the Plaintiffs is relayed to them and a resolution reached for the Puff Defendants pending selection of substitute counsel. Plaintiffs have been updated this morning as to the current status of the discovery and a report has been sent to the Plaintiff's counsel this morning.

8. Zanicorn requests a thirty-day period after entry of the withdrawal order for substitute counsel to appear and a corresponding stay or extension of deadlines applicable to the Puff Defendants. This relief will reduce any risk of prejudice while the Puff Defendants retain new counsel.

9. Zanicorn has served this motion and supporting papers on the Puff Defendants at their last known email addresses and on all counsel of record through the Court's CM/ECF system. During the transition to substitute counsel, should the issue arise relating to any personal information, Zanicorn requests that any nonpublic personal contact information be redacted from the public docket or filed under seal as the Court directs.

10. Zanicorn will cooperate reasonably in transferring the client file to replacement counsel, subject to applicable law and professional obligations; and take reasonably practicable steps to avoid foreseeable prejudice. No unearned advance fees are being held by Zanicorn.

11. For these reasons, Zanicorn respectfully requests that the Court grant leave to withdraw as counsel for the Puff Defendants and award the related relief requested in the Notice of Motion and Proposed Order.

Dated: New York, New York
October 20, 2026

Respectfully submitted,

/s/ Mary G. Bielaska

Mary G. Bielaska, Esq.
Zanicorn Legal, PLLC
600 Third Avenue, 2nd Floor
New York, NY 10016
Phone: (858) 761-2197
Email: Mary.bielaska@zanicorn.com

*Attorneys for PUFF BAR, EVO BRANDS, LLC, PVG2, LLC D/B/A PUFF BAR*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

The CITY OF NEW YORK,
Plaintiff,

-against-

PUFF BAR, *et al.*
Defendant.

Case No. 1:25-cv-02850-MMG
Hon. Judge Margaret M. Garnett

**PROPOSED ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Upon the motion of Zanicorn Legal, PLLC and Mary G. Bielaska, Esq. (collectively, "Zanicorn") for leave to withdraw as counsel of record for Defendants Puff Bar, EVO Brands, LLC, and PVG2, LLC d/b/a Puff Bar (collectively, the "Puff Defendants"), and upon the Declaration of Mary G. Bielaska, Esq., and for good cause shown, it is hereby

**ORDERED** that Zanicorn's motion is GRANTED, and Zanicorn Legal, PLLC and Mary G. Bielaska, Esq. are relieved as counsel of record for the Puff Defendants in this action; and it is further.

**ORDERED** that, because the Puff Defendants are business entities and may not appear pro se, substitute counsel shall file a notice of appearance on their behalf no later than thirty (30) days after entry of this Order; and it is further.

**ORDERED** that all deadlines applicable to the Puff Defendants are stayed through that thirty-day period, after which the Court will address any necessary scheduling adjustments; and it is further.

**ORDERED** that Zanicorn shall serve a copy of this Order on the Puff Defendants by email and overnight mail within two business days after entry and shall file proof of service; and it is further.

**ORDERED** that the Clerk of Court shall terminate Zanicorn Legal, PLLC and Mary G. Bielaska, Esq. as counsel for the Puff Defendants after proof of service is filed.

Dated: ______________________
New York, New York

SO ORDERED.

______________________________
HON. MARGARET M. GARNETT
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

The CITY OF NEW YORK,
Plaintiff,

-against-

PUFF BAR, *et al.*
Defendant.

Case No. 1:25-cv-02850-MMG
Hon. Judge Margaret M. Garnett

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I caused a true and correct copy of the Notice of Motion to Withdraw as Counsel, Declaration of Mary G. Bielaska, Esq., and Proposed Order to be served through the Court's CM/ECF system on all counsel of record and directly on Defendants Puff Bar, EVO Brands, LLC, and PVG2, LLC d/b/a Puff Bar by email and at the following last known addresses:

PUFF BAR

EVO BRANDS, LLC

PVG2, LLC D/B/A PUFF BAR
1401 21st Street Suite R
Sacramento, CA 95811-5226

nick@puffbar.com
patrick@puffbar.com

Dated: New York, New York

October 20, 2026

Respectfully submitted,

/s/ Mary G. Bielaska
Mary G. Bielaska, Esq.

October 20, 2026

**VIA EMAIL AND CERTIFIED FIRST CLASS MAIL**

PUFF BAR
EVO BRANDS, LLC
PVG2, LLC D/B/A PUFF BAR
1401 21st Street Suite R
Sacramento, CA 95811-5226

Attention: Messrs. Nicholas Minas Alfaro and Patrick Beltran

**Re:** Required Withdrawal from People of the State of New York v. Puff Bar, et al., No. 25-cv-1445, and City of New York v. Puff Bar, et al., No. 1:25-cv-02850-MMG

Dear Nick and Pat:

As we have been discussing, Zanicorn Legal, PLLC must terminate its representation of Puff Bar, EVO Brands, LLC, and PVG2, LLC d/b/a Puff Bar in the two matters identified above. A conflict of interest involving another client prevents the firm from continuing the representation consistent with its professional obligations. The firm cannot disclose the other client's confidential information or provide further details beyond what the professional-conduct rules permit.

Zanicorn will promptly seek the Court's permission to withdraw in both actions. Until the Court grants that relief, Zanicorn remains counsel of record and will take reasonably practicable steps to protect your interests. The Court may nevertheless require continued representation for some period or impose conditions on withdrawal.

You must retain qualified replacement counsel immediately. Puff Bar, EVO Brands, LLC, and PVG2, LLC are business entities and cannot represent themselves in federal court. Failure to obtain replacement counsel may result in missed deadlines, sanctions, default, adverse rulings, or other prejudice.

Your entire case file for both above-referenced cases as well as current material deadlines and appearances are all listed in the electronic documentation we have provided to you both in the Sharefile folder you have already accessed and we will maintain for you pending your selection of new counsel. Please provide replacement counsel's name and contact information no later than November 18, 2026.

As we discussed your account presently reflects an outstanding balance for expenses and we would appreciate payments regularly as soon as possible to pay down that balance. As we discussed, the conflict we have experienced requires withdrawal independently of the outstanding balance which remains due under the engagement agreement, subject to any rights and remedies available to you and the firm. A final statement will be provided separately. We will provide limited support as allowed under the law so that it will not be difficult for your new counsel to become initiated with your cases.

Upon your written direction, Zanicorn will coordinate an orderly transfer of the client file to replacement counsel, subject to applicable law and the firm's professional obligations. As you are already aware please preserve all documents, electronically stored information, devices, accounts, and other materials potentially relevant to either of the above referenced actions.

Please sign and return the acknowledgment below. Your signature acknowledges receipt only; it does not waive any rights or constitute consent to the withdrawal motion.

Sincerely,

*/s/ Mary G. Bielaska*

Mary G. Bielaska
Zanicorn Legal, PLLC

ACKNOWLEDGMENT OF RECEIPT

Received by: ________________________________
Name and title: Nicholas Minas Alfaro, Co CEO
For entity or entities: Puffbar, EVO Brands, LLC, PVG2, LLC
Date: ______________________________________

Received by: ________________________________
Name and title: Patrick Beltran, Co CEO
For entity or entities: Puffbar, EVO Brands, LLC, PVG2, LLC
Date: ______________________________________