**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,
BY LETITIA JAMES

Plaintiff,

-against-

PUFF BAR et al.,

Defendants.
--------------------------------------------------------------X
THE CITY OF NEW YORK,

Plaintiff,

-against-

PUFF BAR et al.,

Defendants.
--------------------------------------------------------------X

25-CV-1445 (MMG)
25-CV-2850 (MMG)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The Court held a conference on October 20, 2026, to address certain discovery disputes between the parties. As a reminder, the next conference is scheduled for November 18, 2026, at 10 a.m. Any pre-conference letters (which no longer have to be a joint submission) must be filed by November 13, 2026.

Below is a summary of relevant action items following the October 20 conference:

- The Myle Defendants will make a final production of go-get documents by November 20, 2026. By November 17, 2026, the Myle Defendants will confirm (1) that all go-get foreign language documents have been collected and produced, and (2) that any email or text message communications in a foreign language (if they exist) have been collected.

- The State and City may move for default judgment as against Defendant Midwest Goods by December 4, 2026. Any opposition to the motion is due by January 6, 2027. The State and City may file a reply brief by January 13, 2027.

- By November 12, 2026, the State and City may serve written deposition questions for a representative of Puff Bar concerning the computer, email account, and Google Drive retention issues discussed at the conference. Puff Bar must respond to the questions by December 14, 2026. If following Puff Bar's response, the State and/or City wish to move for spoliation sanctions, the motion must be filed on or before February 5, 2027.

- By November 17, 2026, (1) the cellular phones of Alfaro and Beltran must be collected and imaged, or (2) if Puff Bar does not wish to incur the expense of imaging those devices, the phones must be provided to the State for imaging.

- By November 18, 2026, the Price Point Defendants will have conducted a meet and confer with the State and City to determine next steps for the two email accounts (Jalili and Khwaja) discussed at the conference. The parties should be prepared to provide an update on this issue at the next conference.

- By November 18, 2026, the State will provide an update on the status of the subpoenas to former employees of YLSN (Portillo, Adan, and Subate) for collection of their cell phones and/or laptops.

- By November 12, 2026, the State and City may serve written deposition questions for a representative of YLSN concerning the email deletion issue addressed at the conference. YLSN has until December 21, 2026, to provide written responses to the questions.

- As discussed at the conference, by November 6, 2026, the State will provide a letter describing the search and collection it conducted for responsive documents. Any Defendant that wishes to respond to the State's letter may do so by November 13, 2026.

- On October 15, 2026, the Puff Defendants sought an extension of time (until October 30, 2026) to engage in discussions with the remainder of its former employees for purposes of collecting any electronic devices used to conduct Puff business. ECF No. 253. The extension is granted. Before the next conference, the Puff Defendants must have a meet and confer with the State and City to communicate the status of the collection of these electronic devices belonging to former employees. If the Puff Defendants are unable to obtain the voluntary cooperation of the former employees, the State and City are hereby directed to provide an update at the next conference on the steps the State and/or the City have taken to obtain the devices of these individuals.

- On October 19, 2026, YLSN requested an extension of the deadline to complete the imaging of Mr. Adan's phone, until November 18, 2026. ECF No. 255. The extension is

granted. At the next conference, YLSN is directed to confirm that the imaging of Mr. Adan's phone is complete.

- As discussed at the conference, a corporate defendant may not appear pro se. As such, the Court will wait to rule on any pending motions to withdraw (see ECF No. 256) until the corporate defendant has retained new counsel and a notice of appearance for that new attorney is filed on the docket.

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 253 and 255.

**SO ORDERED.**

DATED: New York, New York
October 20, 2026

VALERIE FIGUEREDO
United States Magistrate Judge