NEW YORK STATE | Department of Taxation and Finance

OFFICE OF COUNSEL

October 28, 2026

Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: City of New York v. Puff Bar, et al., No. 25-cv-02850-MMG
(Related Case: State of New York v. Puff Bar, et al., No. 25-cv-1445-MMG)

Judge Figueredo:

The New York State Department of Taxation and Finance ("Department") submits this letter in response to the letter motion filed by the Defendants in the above-captioned to compel discovery of various documents gathered in response to its subpoena.

**Factual Background**

The Department acknowledges that Defendants served the subpoenas on March 4, 2026, and that the Department did not file a motion to quash or seek other remedies to avoid or limit disclosure. Based upon the nature of the documents sought, the Department determined to conduct a good faith search of its records and rely on any necessary assertions of privilege to withhold any documentation. As a public agency, the Department is aware that it is a repository for an above average amount of records subject to disclosure.

The Defendants' subpoena seeks documents relating to the Department's publication of a technical memorandum on vapor products, stated interpretation of vapor products, interpretation of a New York Public Health Law statute, and communications regarding programs that are not administered by the Department. While the Department is familiar with, and has process for disclosure for subpoena requests, most of those requests are for tax records and filings. Defendants' request asks for documents that demonstrate the Department's implementation of policy, specifically vapor product tax administration. Defendants' subpoena requests items related to enforcement, and ultimately the Department's role in vapor products is limited to registrations and any enforcement is related only to registration deficiencies in the sale of *legal* vapor products. To be clear, the Department does not have a more than incidental role in enforcement of illegal vapor product sales.

As referenced above, the Department staff conducted a good faith search for any responsive documents to Defendants' requests. The search for documents was coordinated by

the undersigned, an associate attorney within the Department's Office of Counsel. I was authorized to gather a team of attorneys and paralegals to assist with the review of canvassed documents. The document search was performed from two different angles. First, similar to a normal canvass for FOIL records, divisions of the Department were canvassed, and each division subsequently returned a file for review. Second, the emails from relevant personnel in the Department were electronically searched and emails responsive to keyword queries were returned.

Notably, the Department has no capability to search for documents that interpret statutes. The search terms used returned a massive amount of documents that were not responsive to the subpoena. The Department continued to sift through the various emails and attachments returned from the email search and review. Most of the responsive returns included references to Tax Law § 1181 in a very limited fashion. The drafts returned included those centered on vapor registration close in time to the initial bill's passage in 2019, and others included simple references in other Department guidance. In an attempt to move the matter to conclusion, the Department sent records deemed responsive and not subject to privilege to Defendants' counsel in May 2026. At that time, some of Department emails were available and included in the first production and tentative privilege log.

The Department acknowledges the Meet and Confer dates indicated by the Defendants. Defendants made requests that slightly clarified their requests. However, the Department never represented or agreed that any of those clarifications expanded or modified the subpoena requests. As communicated to Defendants' counsel in the August 11, 2026 Meet and Confer, the withheld documents repeatedly only contained a paraphrasing of the statutory language of Tax Law § 1181, which plainly states that a supplemental tax of 20% is imposed on the sale of vapor products. As such, while the documents contain somewhat benign references to vapor, they are still part of the Department's deliberative process.

Within its email correspondence and during the Meet and Confers, Defendants' counsel has been dismissive over the contents of the privilege log already provided and fails to acknowledge the frivolity of the documents contained within it. Defendants have not raised any issue about the substantive content of the log, but rather complain about the number of withheld documents and the form of the privilege log. In the second meet and confer, in and effort to expediate matters, the Department suggested perhaps Defendants' counsel could exclude some of the documents that are clearly not relevant to its defense or claims. Defendants' counsel did not agree, and instead requested the Department discontinue assertions of privilege on other documents.

Defendants also have continuously insisted that the agency head review all of the documents and make an assertion of privilege to each. As the Court may imagine, the Acting Commissioner of a NYS agency that oversees the administration of multiple taxes and several thousand employees has quite a bit to do. The Defendants have presented no law that suggest an agency commissioner should need to personally assert the privilege in a matter to which that agency is not and adversarial party involved in the litigation.

Although Acting Commissioner Hiller will fulfil any obligations the Court deems appropriate, to expect speedy compliance for a third-party subpoena where opposing counsel

will not accept a single assertion of privilege without her review is lengthening the process. The Department has representatives that are fully capable of, and did, compile a set of documents that were consistent with the Department's standing policy on disclosing such records in an effort to timely provide Defendants with information they are requesting. However, Defendants' counsel has declined to distill and limit the documents it is requesting privilege certification executive review for to those that may actually be probative of Defendants' defense or claims. Defendants demands for extensive executive sign off necessitates additional levels of review that certainly contribute to response delays.

**Argument**

The Department notes that it is not a party to this action and is simply being asked for records. As such, the Department's interest in protecting the privileges asserted is strong in the matter because the Department has taken no action against the Defendants, the Defendants have not made any claims against the Department, nor has the Department made any claims against the Defendants. The Department has not made any claims against the Defendants and has not made any claims about its conduct because, again, it is not a party to this action. In other matters, the party requesting privilege is often protecting information about a decision it made about matters contested by the other party in litigation. Here, that is not the case. The Department seeks to protect its ability to assert privilege of internal, government protected communications in response to a third-party subpoena.

As a non-party, the Department is concerned that the scope of the documents in our possession that are responsive to the subpoena are both privileged not relevant to the Defendants' claims. As with any canvass for documents, the Department cannot truly be certain what the documents will be until they are returned for review. Here, the majority of the documents returned contain minimal text or paraphrasing of Tax Law § 1181. While those documents are responsive the subpoena as written, the Department challenges of the utility of the review of these documents when they are not even relevant in the first place and are otherwise privileged communications. The Department's interest in protecting its deliberative process outweighs the Defendants' interest in non-relevant documents.

Even if the documents are considered relevant to Defendant's claims, the Department's interest in protecting deliberative process still outweighs the Defendants' interest in obtaining such disclosure. The deliberative process privilege is designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials. *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005). Protected by this privilege are "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Tigue v. United States DOJ*, 312 F.3d 70, 76 (2d Cir. 2002). The Second Circuit has held that an agency exercises protected policy-oriented judgment when deciding how to communicate its policies. *Natural Resources Defense Council v. US EPA*, 19 F.4th 177 (2d Cir 2021). This is the crux of the Department's assertion of the deliberative process privilege relative to the documents that were deemed responsive to the subpoena. The Department has canvassed and all that was obtained are documents that demonstrate its outreach, and the Department's minimal interpretation of the vapor statute. The Department asserts specifically provides privilege to any

non-final drafts, and protects them along with any discussions about additions to those various drafts.

The Department's canvass and review also yielded documents for which it asserts the law enforcement privilege, and such documents also be withheld from disclosure. The Department strictly adhered to established precedent in the Second Circuit when applying the law enforcement privilege. The Court in *re the City of New York*, explained that the purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in the investigation, and otherwise prevent interference with an investigation. (607 F.3d 923, 940-942 (2d Cir. 2010). The Department's audit division and Criminal Investigations Division both participate in law enforcement investigations and the techniques used are protected by this privilege.

A minor number of responsive documents are also subject to the qualified privilege relative to New York State's secrecy statutes. Pertinent here, taxpayer specific information is protected by NY Tax Law §§ 1146, 1184. Courts have balanced the state's interest in protecting taxpayer information compared with the subpoenaing party's interest in obtaining such disclosure. *In re Hampers*, 651 F.2d 19 (1st Cir. 1981). The privilege log also contains documents covered by Attorney-Client privilege. These communications between Department attorneys and staff are protected by the Attorney-Client privilege. *See In re Grand Jury Investigation*, 399 F.3d 527, 533 (2d Cir. 2005). Such communications must be made by government employees and their respective counsel, the communication was intended to remain confidential, and such communication was made for the purpose of obtaining legal advice. *See In re County of Erie*, 473 F.3d 413, (2d Cir. 2007).

That is all to say that the Department has been working diligently to review these records and properly categorize them for inclusion in the privilege log when disclosure is contrary to the law. The Department maintains an Office of Counsel and employs a number of attorneys within its Criminal Investigations Division. In the documents withheld, the advice and surrounding discussion with both groups of attorneys is protected. In respect to the CID attorneys, their advice is akin to an in-house counsel and they provide legal counsel on active investigations and how the legal changes affect their Division. Similarly, the Office of Counsel responds to questions from other parts of the Department and is tasked with analyzing the legal sufficiency of guidance and other actions of the Department.

In sum, the Department, in its good faith response to the subpoenas, has expended a significant resources for the return of the documents in this matter. The Department respectfully requests that the Defendant be ordered to make a good faith clarification of what documents actually have a colorable claim of relevance to its claims. The Department will gladly provide an updated privilege log and disclose releasable documents in response. The undersigned can affirm for the Defendant both that the privilege log is an accurate representation of the withheld documents and that Department conducted and exhaustive search with no further responsive records outstanding.

If this is insufficient to the Defendant, the Department will submit documents for in camera review pursuant to a Court order. However, the Department believes that all parties

would benefit if the Defendants would undertake a substantive analysis of the documents and distilling the document pool to those that may realistically be relevant to its claims.

AMANDA HILLER
Deputy Commissioner and Counsel

by:

ERIC R. GEE
Associate Attorney